**199 So. 391**

**STATE v. JAMES.**

No. 35905.

Dec. 2, 1940.

Michael E. Culligan and David A. Neuhauser, both of New Orleans, for appellant.

Eugene Stanley, Atty. Gen., and J. Bernard Cocke, Dist. Atty., and Felicien Y. Lozes, Asst. Dist. Atty., both of New Orleans, for the State.

PONDER, Justice.

The defendant, Jessie Lawrence James, was indicted for the murder of Rosalie Ellis, found guilty as charged by the jury,

and sentenced to death. From the conviction and sentence the defendant has appealed.

Only one bill of exception was taken to the rulings of the trial court. This bill of exception was taken to the overruling of defendant's motion for a new trial. The following grounds for a new trial are alleged in the motion: First, that the defendant's attorneys made an investigation into the mental status of the accused. In their opinions the accused did not have the intelligence or the ability to differentiate between right and wrong and was incapable of assisting in his own defense. Second, that the accused had been an inmate in an insane asylum in 1917, at which time the diagnosis showed him to be a paranoiac, an incurable type of insanity which may lay dormant for years and upon slight provocation become active. Third, and Fourth. While a lunacy commission did find the accused sane within the meaning of the law, there is still reasonable doubt as to whether the accused could assist in his own defense, judging by his demeanor in court. Fifth, despite the fact that the District Attorney on four occasions during the trial offered to accept a plea of guilty without capital punishment, the defendant steadfastly refused to permit his counsel to enter such a plea even though counsel urged him to accept the plea. Sixth, that the defendant steadfastly maintained that he had received a cut on his hand, but when questioned by the trial judge, while on the stand in his own behalf, he was unable to determine which hand had been cut until constantly questioned by the trial judge, and then, he could not show where he was cut. Seven, the verdict was contrary to law and evidence.

Counsel for the defendant is seeking a new trial on the ground that the defendant was insane at and during the trial. Counsel in his brief advances the argument that the defendant was incapable of assisting in his defense.

The record shows that, prior to the trial, counsel for the defendant applied for the appointment of a lunacy commission to examine into the mental condition of the defendant. At the hearing on the application the testimony of three witnesses on behalf of the defendant was taken, after which the trial court appointed a lunacy commission composed of Dr. C. Grenes Cole and Dr. Charles S. Holbrook, mental experts. We find in the record a letter from the Superintendent of the Central Louisiana State Hospital for Insane, at Pineville, addressed to counsel for defendant, stating that the defendant was an inmate of that institution from October 2 to December 16, 1922, at which time the diagnosis of the defendant was manic-depressive psychosis. The lunacy commission reported its findings to the court to the effect that the defendant was sane. A contradictory hearing was held thereafter with the defendant. The only witnesses who testified at the hearing were the two mental experts who were appointed on the lunacy commission. The mental experts testified that during the time they were examining into the mental condition of the defendant they consulted with counsel for the defendant, the father, sisters and other rel-

atives of the defendant. These mental experts testified that .the defendant was. suffering from no organic disturbances and showed no indication that he suffered from delusions or hallucinations. They also testified that the defendant's memory was good. From their testimony it appears that Wassermann and colloidal gold tests made on the defendant were negative. Both counsel for the State and counsel for the defendant submitted the issue of the present mental condition of the defendant on the testimony of the mental experts appointed on the lunacy commission. At this contradictory hearing, counsel for the defendant offered no testimony on behalf of the defendant. The trial court found the defendant sane. There was no objection raised to the finding of the trial court at that time and no exception taken to the ruling. The defendant entered a plea of not guilty and the case was duly assigned for trial. After the defendant was tried and convicted a motion for a new trial was filed by his counsel seeking a new trial on the ground that the accused did not have the mental capacity to assist counsel in the defense of his case.

■ Under the provisions of Article 510 of the Code of Criminal Procedure the failure of the counsel to object to the ruling of the court at the contradictory hearing had with the defendant, wherein the court found the defendant to be sane, and the failure to reserve a bill of exception at that time would operate as a waiver of objection and. as an acquiescence in the ruling. However in view of the serious penalty in this case we have examined the record and the testimony taken at the contradictory hearing with the defendant as to his mental condition and find that the only testimony introduced at this hearing was that of the two mental experts who were appointed on the lunacy commission and they both testified that in their opinion the defendant was sane. Under the circumstances the trial judge correctly found the defendant to be sane. In fact there was no evidence to support a contrary finding.

■ It is so well settled that the granting or refusing to grant a new trial is largely within the sound discretion of the trial judge that it is unnecessary to cite authorities to that effect. Unless the trial judge has abused this discretion we would not be warranted in disturbing his ruling. There is nothing in the record that we can find tending to show that the trial judge abused this discretion.

For the reasons assigned the conviction and sentence are affirmed.

O'NIELL, C. J., dissents.