Nos. 1–4 above, and for this reason deserve no further comment on our part.

The conviction and sentence are affirmed.

87 So.2d 609

**STATE of Louisiana**

v.

**Jim BRAZZEL.**

No. 42694.

March 26, 1956.

Rehearing Denied May 7, 1956.

McBride & Goff, Ruston, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Ragan D. Madden, Dist. Atty., Ruston, for appellee.

SIMON, Justice.

Appellant was charged, tried and convicted with the offense of engaging in the business of selling alcoholic liquor, in violation of the Lincoln Parish Police Jury Ordinance No. 188. Following imposition of a sentence to serve 60 days in jail and

pay a fine of $500 and costs, and in default of payment of fine and costs to serve 6 months additional in jail, all subject to public works, appellant took this appeal, relying on three bills of exception for a reversal of his conviction.

■ Bill of Exception No. 1 is leveled at the action of the trial court in overruling the objection by defendant that the bill of information was not a legal and valid charge, in that it had not been endorsed and marked "filed" by the clerk of court.

The minutes of the court show that on July 27, 1955, the defendant was duly called for arraignment on the charge contained in the bill and thereupon waived arraignment and entered a plea of "Not guilty"; and the matter was fixed for trial on September 27, 1955. Upon being called, counsel for defendant objected to going to trial, on the ground that said bill does not constitute a valid and legal charge against defendant and hence no issue had been joined between said defendant and the State of Louisiana. This objection was overruled by the court, which ruling forms the basis of Bill of Exception No. 1.

In his per curiam, the trial judge states that the receipt of the bill of information by the clerk of court, the assignment of a docket number thereto, the arraignment of the defendant on said bill, and its possession by the clerk until date of trial constituted effective and legal filing thereof.

LSA–R.S. 15:5 provides that a bill of information must be "filed either in open court or in the office of the clerk of the court having jurisdiction."

In the case of State v. Lewis, 49 La.Ann. 1207, 22 So. 327, 328, we said:

"A pleading in court may be filed, in the sense of the law, without the mere indorsement, by the clerk, on it of filing. If he neglects his duty, it is none the less filed when handed to him for the purpose. Bouvier adopts as his definition of the word 'file' these words: 'A paper is said to be filed when it is delivered to the proper officer, and by him received to be kept on file.' Abbott defines it: 'To place on file, or, more generally, to deposit papers in official custody, or receive them officially for orderly, systematic safe-keeping.' * * * 'To file and filing mean the act of either party bringing the paper and depositing it with the officer for keeping, or the act of the officer in folding, indorsing, and putting up the paper.' * * *"

We have searched other authorities and find that the foregoing principle recognizing the proper filing of instruments and documents is in accord with the views expressed by courts of other jurisdictions.

In Waring v. O'Doniel, 102 Fla. 354, 135 So. 850, the Supreme Court of Florida held that a paper is "filed" when it is delivered to the proper official and received by him to be kept in his official custody.

The usual file marks are but one evidence of the filing.

In the case of Buchanan v. Commercial Investment Trust, 177 Ark. 579, 7 S.W. 2d 318, the Arkansas Supreme Court held that the act of leaving or depositing the paper in a proper office constitutes a "filing" of it within a statute providing therefor; the file mark being merely evidence of filing, and not an essential element.

The case of Stanley v. Board of Appeals of Village of Piermont, 168 Misc. 797, 5 N.Y.S.2d 956, holds that the term "filing" means the delivery of a document to the proper officer to be kept on file, placing a paper in the proper official's custody by the party charged with such duty, presenting a paper at the proper office and leaving it there, and bringing the paper and depositing it with the officer for keeping. The term imports that the paper shall remain with the clerk as a record. There can be no "filing" of a paper in a legal sense except by its delivery to an official whose duty is to file papers and who is required to keep and maintain an office or other public place for their deposit and the paper must either be delivered to such officer with the intent that the same shall be filed by him, or delivered at the place where the same should be filed. The object of "filing" is to deposit the document in a public place so that it may be seen and examined by any person interested. A document may be said to be "filed" with an officer when it is placed in his official custody and deposited in the place where his official records and papers are usually kept. A document is "filed" when delivered in a public office to the custodian of the records thereof.

We therefore conclude that the acts herein performed, as above outlined, were sufficient to constitute a filing of the bill of information against the accused in full compliance with our law.

■ Bill of Exception No. 2 is reserved to the ruling of the trial court admitting in evidence the jug or bottle containing the alcoholic liquor which the defendant is charged with having sold in violation of the ordinance herein.

Defendant complains that there was no testimony on the material point of identification of the jug and its contents.

In its per curiam the trial court states that all of the testimony in this proceeding was not reported by the court reporter but was limited only to that portion as requested by defendant in order to perfect his bill of exception. The court further states that one of the witnesses testified positively that the jug and contents before the court was the same jug and contents obtained from the defendant. In other words, that the jug and contents was sufficiently identified from the date of its sale to that of its presentation in evidence so as to make it admissible. The bill of exception, therefore, addressed itself to a question of fact—

the identification of the jug and its contents —and the ruling of the trial judge on this question of fact will not be disturbed.

When a criminal case is tried by the judge without a jury, the judge's conclusions on questions of fact relating to the question of guilt or innocence of the accused are final; and this court has no jurisdiction to pass on said findings of fact but is confined to questions of law. Constitutional Article 7, sec. 10(7)–LSA; State v. Gremillion, 160 La. 121, 106 So. 716; State v. Martinez, 201 La. 949, 10 So.2d 712; Town of Sulphur v. Stanley, 207 La. 1075, 22 So.2d 655; State v. Hall, 209 La. 950, 25 So.2d 908.

■ Bill of Exception No. 3 is reserved to the trial court's overruling defendant's motion to set aside the verdict of guilty, or, alternatively, for a new trial. This motion reiterates the complaints presented in Bills of Exception Nos. 1 and 2, which we have already disposed of, and, therefore, presents nothing for us to review. The granting or refusing of a new trial rests largely within the discretion of the trial court, the exercise of which will not be interfered with on review, except for abuse, which we do not find present here. LSA–R.S. 15:509(5); Constitution of 1921, Article 7, sec. 10; State v. James, 196 La. 459, 199 So. 391; State v. Saba, 203 La. 881, 14 So.2d 751; State v. Weber, 221 La. 1093, 61 So.2d 883.

Accordingly, for the reasons assigned, the sentence and verdict are affirmed.