267 So.2d 550

STATE of Louisiana

v.

Robert James MILLER.

No. 52425.

Oct. 4, 1972.

Robert A. Connell, Jackson, for defendant-appellant.

William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Richard H. Kilbourne, Dist. Atty., Fred C. Jackson, Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

The defendant Miller was found guilty of simple escape, La.R.S. 14:110.2, and was sentenced to serve ten years in the State Penitentiary said sentence to run consecutively with any sentence being served. Two bills of exceptions are the basis of this appeal.

By his first bill of exceptions, defense counsel argues that the trial court erred in overruling defendant's motion to quash the bill of information on the ground that the time limitation for commencement of trial had expired.

The defendant was charged by bill of information filed on August 11, 1969. He was arraigned on September 5, 1969. On or about September 20, 1970, counsel for the defendant prepared and served upon the District Attorney for West Feliciana Parish, a Motion for a Bill of Particulars and a Motion to Quash the Bill of Information. On this same date, counsel also served upon the District Attorney a supplemental motion for a Bill of Particulars. *None of the defense motions was actually filed.* About 10 days later, the District Attorney filed an answer to defense counsel's motions for a Bill of Particulars, including the supplemental motion. The subject matter of the Motion to Quash was decided adversely to the defendant in another case. The Motion to Quash, like the motions for Bills of Particulars, were never filed and were not pursued further.

La.C.Cr.P. Art. 578 provides a two-year limitation after institution of prosecution .

for the commencement of trial of a defendant for a non-capital felony. Article 580, however, hinges the suspension of running of the time limitation on the *filing* of preliminary motions.[1] Further, Art. 580 includes the requirement that "in no case shall the state have less than one year after the [court's] ruling to commence the trial."

It is the State's contention under La.C. Cr.P. Art. 580, the defendant filed preliminary motions thus interrupting prescription. The State refers to the defendant's application for a bill of particulars and a supplementary application and a motion to quash the Bill of Information submitted on September 20, 1970 to which the State answered only the Bill of Particulars ten days later.

However, the record does not indicate that the defendant "filed" his preliminary motions, in the sense of the law, nor did the court make any rulings on them. See State v. Brazzel, 229 La. 1091, 87 So.2d 609 (1956), wherein this Court said, "A document is 'filed' when delivered in a public office to the custodian of the records thereof. * * *" We find only a stipulation by both parties that the defense counsel mailed his motions directly to the District Attorney.

1. La.C.Cr.P. Art. 580 provides:
"When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial."

We will reverse on the above specification of error. We find it unnecessary to consider the remaining Bill of Exceptions.

For the reasons assigned, the conviction and sentence of the defendant are annulled and set aside. The Bill of Information against the defendant shall be quashed and the same shall not hereafter be revived.