SANDERS, Chief Justice.
Originally, defendant, Francisco Labrano, Jr., was charged, in separate bills of information, with two counts of distribution of heroin, violations of LSA — R.S. 40:966. These bills were filed on July 11, 1974. Pursuant to a plea bargain, he pled guilty, on March 15, 1977, to two counts of attempted distribution of heroin and was sentenced to serve concurrent ten years’ sentences in the custody of the Director of the Louisiana Department of Corrections. At the time of his guilty plea, he reserved the right to appeal the district court’s ruling which denied his motion to quash.
Defendant alleges that the district court erred in denying his motion to quash on two grounds: (1) that the case had prescribed by virtue of the limitation on prosecution set forth in LSA-C.Cr.P. art. 578(2); and (2) that further prosecution of this case would deprive defendant of his right to a speedy trial under the Sixth Amendment of the United States Constitution.
Article 578 of the Louisiana Code of Criminal Procedure provides in pertinent part:
“Except as otherwise provided in this Chapter, no trial shall be commenced:
u * * sk
“(2) In other felony cases after two years from the date of institution of the prosecution;”
In the present case, more than two years elapsed between institution of prosecution and trial; however, Article 580 of the Louisiana Code of Criminal Procedure provides for suspension of the two years limitation on prosecution under the following circumstances which are present in this case:
“When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.”
The prosecution commenced with the filing of the bills of information on July 11, 1974. On April 26, 1976, almost three months prior to the expiration of the two years prescriptive period, defendant filed a motion for a bill of particulars and a prayer for oyer. A motion for bill of particulars is a preliminary plea which “triggers” the sus-pensive period set forth in Article 580. State v. Miller, 263 La. 138, 267 So.2d 550 (1972); State v. Bradford, 217 La. 32, 45 So.2d 897 (1949); Art. 580 Official Revision Comments. The present record does not reflect when, or if, the court ruled on the motion for bill of particulars in this case. This however, is of no consequence as the trial was held on March 15,1977, well within one year from the date the motion was filed.
There was no bar to prosecution under Articles 578 and 580 of the Louisiana Code of Criminal Procedure as contended by defendant.
Although further prosecution was not barred by the limitations in Articles 578 and 580, we must address defendant’s argument that he was denied his right to a speedy trial. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
In State v. McDaniel, La., 340 So.2d 242 (1976), we stated:
*429 “Trial was commenced well within the three year statutory limitation provided by article 578 of the Louisiana Code of Criminal Procedure. Furthermore, defendant did not vigorously assert his right to a speedy trial, but rather contributed to the delay by filing numerous motions which retarded the proceedings; and there is no indication that the State deliberately delayed the trial in an effort to hamper the defense. See, Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Under the circumstances, we find no deprivation of the right to a speedy trial.”
Likewise, in State v. Moore, La., 300 So.2d 492 (1974), we stated:
“Guidelines for determining whether a criminal defendant has been denied his federal constitutional right to a speedy trial were set forth in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The factors which are to be considered are the length of the delay, the reasons for the delay, the resulting prejudice to the defendant, and the defendant’s assertion of his right to a speedy trial.
“In Barker, the United States Supreme Court, while rejecting a rigid time formula, recognized the states’ right to set a time period for bringing accuseds to trial, provided that the prescribed time period is consistent with constitutional standards.”
In the case before us, the defendant’s constitutional rights were not violated. The delay from the filing of the bills of information until the arraignment was approximately 20 and V2 months. There was a nine month interval between arraignment and defendant’s initial assertion of his right to a speedy trial, filed on November 12, 1976. In lieu of trial, he pled guilty four months later. Failure to assert his right to a speedy trial soon after the arraignment is persuasive that he anticipated no prejudice in presenting his defense. Furthermore, defendant made no objection to any of the continuances and, in fact, joined in one continuance after he had filed his motion to quash, asserting his right to a speedy trial.
Under the totality of circumstances presented, the delay in bringing defendant to trial does not rise to constitutional proportions; defendant did not aggressively assert his right to speedy trial; and defendant has advanced no facts to support his allegation that the delay prejudiced his defense.
We conclude that the trial court correctly overruled his motion to quash.
For the reasons assigned, the convictions and sentences are affirmed.