STOKER, Judge.
On February 12, 1986 the defendant, Albert Kirk Alexander, pleaded guilty to the crime of theft of over $100, but less than $500, a violation of LSA-R.S. 14:67. On February 12, 1986, the legal delays for sentencing having been waived by the defendant, the defendant was sentenced to serve two years at hard labor, this sentence to run consecutive to the sentence the accused is now serving. Defendant has reserved his right to appeal from a previously denied motion to quash. Defendant now appeals, assigning as error the trial court’s denial of his motion to quash.
FACTS
Defendant’s prosecution was instituted by a bill of information filed on October 27, 1983. Defendant was not tried until February 12, 1986, two years and three months later.
In the interim period defendant, either pro se, or through his counsel, filed several motions. During this time period, the defendant filed numerous pro se writ applications to this Court.
Defendant made a motion to quash on December 26,1984 and a “Motion to Quash *1187 and/or Dismiss” on September 19, 1985. Defendant’s then counsel, Paul DeMahy, moved for a continuance on January 7, 1985, and motioned to withdraw on January 8, 1985.
The State was ready to proceed with this case on August 13, 1985, but the accused had no counsel at that time. Defendant also moved for release of seized, property. Most of defendant’s motions were ruled on on December 13, 1985 and February 12,
1986.
On February 12, 1986 the motion to quash the bill of information, because of the alleged violation of LSA-C.Cr.P. art. 578, was heard and denied. The defendant then pleaded guilty while reserving his right to appeal this issue.
ASSIGNMENT OF ERROR
The defendant alleges that the trial court erred in denying his motion to quash. Defendant contends that since his prosecution was instituted by bill of information on October 27, 1983, and trial was not begun until February 12, 1986, two years and three months later, his motion to quash should have been granted under LSA-C. Cr.P. art. 578. Defendant argues that LSA-C.Cr.P. art. 580 should not prejudice his action because he was acting as his own counsel when he filed numerous motions, and he should not be held to the strict procedural rules of criminal law. Defendant also states that it is unfair to grant the prosecution additional time to bring its case by the mere effect of his making a motion for speedy trial.
In analyzing this case we first note that the defendant is not requesting appellate review of any possible speedy trial violation under the Fourth Amendment of the Federal Constitution or Section 16 of Article 1 of the Louisiana Constitution of 1974. This appellate review is limited to review for error under LSA-C.Cr.P. art. 578.
LSA-C.Cr.P. art. 578 states:
“Except as otherwise provided in this Chapter, trial shall be commenced.
“(1) In capital cases after three years from date of institution of the prosecution;
“(2) In other felony cases after two years from date of institution of the prosecution; and
“(3) In misdemeanor cases after one year from date of institution of the prosecution.
“The offense charged shall determine the application limitation.”
Under this article, trial should have commenced within two years of October 27, 1983, or by October 27, 1985. This article is the general rule, and this period is subject to suspension. LSA-C.Cr.P. art. 580.
LSA-C.Cr.P. art. 580 states:
“When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.”
Defendant filed several motions and these suspended the period in LSA-C.Cr.P. art. 578.
The defendant argues that Article 580 should not apply to a case where a defendant is making a motion to quash due to denial of right to a speedy trial. Article 580 makes no mention of this, and it must be assumed to be within the exception extending the time limitations of Article 578.
In State v. Hamilton, 369 So.2d 1299 (La.1979), the Supreme Court reversed a trial court judgment granting a motion to quash, where the trial on the merits was commenced within one year from the date the court ruled on the motion. The prosecution was not barred because the defendant filed a motion to quash for failure to bring suit four days early. The Supreme Court found that this motion suspended the commencement period and gave the prosecution up to one additional year to begin trial.
In State v. James, 459 So.2d 1299 (La.App. 3d Cir.1984), writ denied, 463 So.2d *1188 600 (La.1985), defendant’s trial on the merits was not commenced within the two-year period required under Article 578. The court found, however, that the fact that the defendant filed numerous preliminary pleas and motions made the trial commencement timely under Article 580. See also, State v. Labrano, 363 So.2d 427 (La.1978).
In State v. Fabacher, 362 So.2d 555 (La.1978), the court found that the granting of a motion for continuance, filed by the defendant six days before running of a two-year time period to commence trial, gave the State an additional year to bring its case.
In our case defendant, pro se, and later through his attorney, filed numerous motions. On December 26, 1984 defendant filed a motion to quash. On January 7, 1985 defendant’s then attorney, Paul De-Mahy, filed a motion for continuance. On January 8, 1985 defendant’s attorney filed a motion to withdraw as counsel. On September 19, 1985 defendant filed a “Motion to Quash and/or Dismiss.” Thus, the prosecution was granted the extension within LSA-C.Cr.P. art. 580 to commence trial.
Trial was commenced on February 12, 1986. The last set of motions was ruled on on December 13, 1985. Accordingly, the prosecution had one year from December 13, 1985 to try the defendant. As the defendant pleaded guilty on February 12, 1986, well within the one-year period from December 13, 1985, the defendant’s argument and assignment of error lack merit.
Accordingly, for the reasons assigned herein, the defendant’s conviction and sentence are affirmed.
AFFIRMED.