11 COOKS, Judge.
The claimant, Angela LeBlanc, appeals the judgment of the Office of Workers’ Compensation finding she did not prove her injuries resulted from a work-related accident. For the following reasons, we affirm.
FACTS
Angela LeBlanc claimed she suffered a back injury on July 13, 2000, while employed as a janitor with the Calcasieu Parish School Board. Specifically, she asserted she slipped and fell while stripping a floor at LeBlanc Middle School. LeBlanc continued to work as a janitor with the School Board until February 9, 2001.
LeBlanc did not seek medical treatment until November of 2000, when she visited Dr. Brian Stewart, complaining of migraine headaches. Her first complaint of lower back pain occurred on a January 24, *1260 2001 visit to Dr. Jose Gonzales’ office. However, LeBlane did not relate her back complaints to any work incident. She again saw Dr. Gonzales on February 12, 2001, with additional complaints of pain radiating into her left leg. Again, no work-related accident was mentioned.
On March 23, 2001, LeBlane was diagnosed by Dr. Stephen Flood, an orthopedic surgeon, as having herniated discs in her lower back. Dr. Flood recommended she undergo a period of physical therapy before determining whether surgery was necessary. He also felt LeBlane could not return to any duties which required lifting more than forty pounds. On this occasion, LeBlane related her back pain to the July 13, 2000 work incident.
As set out earlier, LeBlane continued to work as a janitor until February 9, 2001, when she notified the School Board she could no longer perform her duties. She later informed the School Board she would be filing a claim for workers’ compensation benefits. A formal claim for compensation was filed on May 10, 2001. |2The School Board instituted an investigation into the claim and subsequently denied compensa-bility.
The claim for compensation was tried before the Office of Workers’ Compensation. The Workers’ Compensation Judge held, although LeBlane had proven she suffered an accident in the course and scope of her employment, she failed to carry the burden of proving that her current disability resulted from the accident. LeBlane has lodged this appeal, contending the WCJ erred in finding she failed to prove the work accident precipitated her present disability.
ANALYSIS
A workers’ compensation claimant bears the burden of establishing by a preponderance of the evidence that he has received “personal injury by accident arising out of and in the course of his employment.” La.R.S. 23:1031(A); Bruno v. Harbert Int’l Inc., 593 So.2d 357 (La.1992). The workers’ compensation judge’s determination as to whether the claimant’s testimony is sufficient to discharge the burden of proof constitutes a factual determination. Factual findings in workers’ compensation cases are subject to the manifest error or clearly wrong standard of appellate review. Hoy v. Gilbert, 98-1565 (La.3/2/99), 754 So.2d 207; Seal v. Gaylord Container Corporation, 97-0688 (La.12/2/97), 704 So.2d 1161. In applying the manifest error/clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder’s conclusion was a reasonable one. Seal, 704 So.2d 1161; Stobart v. State, 617 So.2d 880 (La.1993). Where there are two permissible views of the evidence, a fact finder’s choice between them can never be manifestly erroneous or clearly wrong. Seal, 704 So.2d 1161; Stobart, 617 So.2d 880.
Initially, we note the School Board does not contest that LeBlane sustained |3some form of accident on July 13, 2000, while in the course and scope of her employment. However, it maintains LeBlanc’s current disability did not arise from that incident.
LeBlane claimed at trial that her back and leg problems began immediately after the accident and continued thereafter. LeBlane testified she attempted to work through her back pain, until it became unbearable. Although she admitted not seeking medical treatment following the work accident, she presented the testimony of several co-workers who stated she was experiencing back pain in the fall of 2000. The employer presented the testimony of Assistant Principal Anne Davis, LeBlanc’s supervisor, who stated she saw LeBlane on a daily basis and saw no symptoms of back pain until after the Christmas holidays of 2000.
*1261 The record revealed LeBlanc sought no medical treatment whatsoever until November 3, 2000, when she was seen by Dr. Stewart, complaining of migraine headaches. No complaint of back or leg pain was mentioned. LeBlanc also acknowledged she saw Dr. Gonzales on November 13, 2000 and December 4, 2000, because she was experiencing migraine headaches and once again failed to mention she was feeling any back or leg pain.
Her first complaint of lower back pain was voiced during a January 24, 2001 visit to Dr. Gonzales. However, LeBlanc did not relate her back complaints to any work accident, nor did she mention any leg pain. Dr. Gonzales noted LeBlanc did refer to “some recent squatting” when questioned about the potential cause of the back pain. LeBlanc exhibited good reflexes and good strength with a negative straight leg raise test on that date.
She again saw Dr. Gonzales on February 12, 2001, with continued back pain and additional complaints of pain radiating into her left leg. Again, no work-related [ .¡accident was mentioned, but there was again a reference to “recent squatting.” Dr. Gonzales recommended an MRI be performed. The radiologist concluded from the MRI that a large disc herniation was present at the L5-S1 level. Dr. Gonzales referred LeBlanc to an orthopedic surgeon.
In a report dated March 23, 2001, Dr. Flood also concluded LeBlanc had herniated discs in her lower back. He recommended physical therapy before determining whether surgery was required. He also placed a forty pound lifting restriction on LeBlanc. For the first time, LeBlanc related her back pain to the July 13, 2000 work incident.
LeBlanc relies on Guillory v. Wal-Mart Stores, Inc., 01-127, p. 9 (La.App. 3 Cir. 10/3/01), 796 So.2d 772, 777, writ denied, 01-2988 (La.1/25/02), 807 So.2d 844, for the well-settled rule that “[a] claimant’s disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition.” However, the WCJ determined that LeBlanc was not entitled to the presumption because she failed to establish that her symptoms appeared and continuously manifested themselves following the accident. We find no manifest error in this determination. The fact that LeBlanc received no medical treatment whatsoever for four months following the accident, and made no mention of any back problems in her first three visits to doctors after that four-month period preponderates against the subsequent back injuries being related to the July 13th accident.
The WCJ heard the testimony of all the witnesses, reviewed the medical record Rand determined that LeBlanc failed to carry her burden of proof. Considering the great discretion the WCJ has in making factual determinations and credibility assessments, we conclude the factual findings of the workers’ compensation judge are not clearly wrong. Accordingly, the judgment of the Office of Workers’ Compensation is affirmed and costs are assessed to Angela LeBlanc.
AFFIRMED.
THIBODEAUX, J., dissents and would grant indemnity and medical benefits based on a presumption of causation.