PER CURIAM.
 

 The appellant, Xavier Jett, appeals his convictions for attempted murder and discharging a gun into an occupied dwelling. On April 25, 2006, Jett was sentenced to
 
 *639
 
 life in the penitentiary. On that same day, Jett filed in open court a motion for a new trial. The motion was not forwarded to the circuit clerk’s office, and Jett did not file a copy of the motion for a new trial in the circuit clerk’s office.
 
 [1]
 
 The circuit court denied the motion on May 26, 2006. Jett then filed a notice of appeal on June 20, 2006.
 

 The question presented in this case is whether the motion for a new trial was properly “filed” as that term is used in Rule 24.1, Ala.R.Crim.P., so as to toll the time for filing a notice of appeal.
 

 Rule 24.1(b), Ala.R.Crim.P., states:
 

 “A motion for a new trial
 
 must be filed
 
 no later than thirty (30) days after sentence is pronounced. After a denial of a motion for a new trial, the previously filed notice of appeal shall be deemed to have been filed as of the date of the denial of the motion and shall include an appeal from the denial of the motion.”
 

 (Emphasis added.)
 

 Rule 24.3, Ala.R.Crim.P., states:
 

 “In order to
 
 perfect the filing of a motion in arrest of judgment or a motion for new trial, it is not necessary for the motion to be presented to the judge,
 
 nor is it required, in order to perfect its filing, that the motion be set for a date certain.”
 

 (Emphasis added.)
 

 Recently, this Court in
 
 Poole v. State,
 
 926 So.2d 376 (Ala.Crim.App.2005), held that a notice of appeal was not properly “filed” when it was delivered to the circuit court in open court but was not forwarded to the circuit clerk’s office until after the period for filing a timely notice of appeal had expired. In
 
 Poole,
 
 we stated:
 

 “ A pleading or other paper may be said to have been duly filed when it is delivered to the proper filing officer.’
 
 Covington Bros. Motor Co. v. Robinson,
 
 239 Ala. 226, 229, 194 So. 663, 666 (1940). See also
 
 United States v. Lombardo,
 
 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897 (1916).
 

 “‘As pointed out by the authorities, the word “file” is derived from the Latin word “filum,” a thread, and its application is drawn from the ancient practice of placing papers on a thread or wire for ready reference. In Words and Phrases, Second Series, vol. 2, page 531, is the following definition: “There can be no ‘filing’ of a paper in a legal sense except by its delivery to an official whose duty it is to file papers and who is required to keep and maintain an office or other public place for their deposit, and the paper must either be delivered personally to such officer with the intent that the same shall be filed by him, or delivered at the place where the same should be filed.” ’
 

 “Ex parte State ex rel. Breitling,
 
 221 Ala. 398, 399, 128 So. 788, 788 (1930).
 

 “ ‘The object of “filing” is to deposit the document in a public place so that it may be seen and examined by any person interested. A document may be said to be “filed” with an officer when it is placed in his official custody and deposited in the place where his official records and papers are usually kept. A document is “filed” when delivered in a public office to the custodian of the records thereof.’
 

 “State v. Brazzel,
 
 229 La. 1091, 1095-96, 87 So.2d 609, 610-11 (1956).”
 

 
 *640
 
 926 So.2d at 377-78. In
 
 Ingram v. State,
 
 882 So.2d 374, 376-77 (Ala.Crim.App.2003), we also stated:
 

 “ ‘We start with the basic premise that words used in court rules must be given them plain meaning.’
 
 Nieto v. State,
 
 842 So.2d 748, 749 (Ala.Crim.App.2002). ‘[W]hen interpreting a rule of procedure, we must give the wording of the rule its plain meaning.’
 
 J.W. v. State,
 
 751 So.2d 529, 531 (Ala.Crim.App.1999). To invoke the right to appeal under Rule 26.9(b)(4)(ii), a defendant must have ‘timely
 
 filed’
 
 a motion to withdraw his or her guilty plea. (Emphasis added.) ‘File’ is defined in
 
 Black’s Law Dictionary
 
 628 (6th ed.1996), in part, as ‘[t]o deliver an
 
 instrument or other paper
 
 to the proper officer or official for the purpose of being kept on file by him as a matter of record and reference in the proper place.’ (Emphasis added.)”
 

 (Footnote omitted.)
 

 We hold that to comply with the filing requirements of Rule 24, Ala.R.Crim. P., a motion for a new trial must be filed in the appropriate circuit clerk’s office. Here, the motion was not filed in the circuit clerk’s office; therefore, it was not effective to toll the time for filing a notice of appeal. When Jett deposited the motion for new trial “with the circuit court without filing the [motion] with the circuit clerk he assumed the risk that the [motion] would not be timely forwarded to the circuit clerk.”
 
 Poole,
 
 926 So.2d at 379.
 

 Jett’s notice of appeal was filed more than 42 days after Jett was sentenced. See Rule 4, Ala.R.App.P. Accordingly, the notice of appeal was untimely filed. Jett’s remedy, if any, is to file a petition for postconviction relief pursuant to Rule 32.1(f), Ala.R.Crim.P.
 

 APPEAL DISMISSED.
 

 McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.
 

 [1]
 

 . The circuit clerk was not aware that a motion for a new trial had been filed in this case until the clerk's office of this Court inquired as to whether one had been filed.