SEE, Justice
(concurring specially).
I join fully in the main opinion; I write specially only because of my concern about the practice addressed in Jett’s alternative argument — the argument this Court finds it unnecessary to reach.
The Court of Criminal Appeals held that Jett had not effectively filed his motion for a new trial because he had filed it with the trial judge instead of in the office of the clerk of the trial court. The Court of Criminal Appeals states in its opinion that “[t]he circuit clerk was not aware that a motion for a new trial had been filed in this case until the clerk’s office of this Court inquired as to whether one had been filed.” Jett v. State, 5 So.3d 637, 639 n. 1 (Ala.Crim.App.2006). Jett notes that the filing of the motion appears both in the case-action summary and in the Alabama Judicial Information System online case-action summary; the motion appears in the clerk’s record and is stamped “filed in open court.” Jett argues that the Court of Criminal Appeals violated his due-process rights when it contacted the clerk of the circuit court to determine whether the motion had actually been filed in the clerk’s office.
It has long been our rule that an appellate court may not rely on facts outside the *646 record. Liberty Nat’l Life Ins. Co. v. Patterson, 278 Ala. 48, 48, 175 So.2d 737, 741 (1965) (“ ‘[The record] is the sole, conclusive, and unimpeachable evidence of the proceedings in the lower court. If incomplete or incorrect, amendment or correction must be sought by appropriate proceedings rather than by impeachment on the hearing in the appellate court. Accordingly, the record cannot be impeached, changed, altered, or varied on appeal by an ex parte and unauthorized certifícate of the trial judge or of the clerk, nor by statements in the briefs of counsel, nor by affidavits or other evidence or matters de-hors the record.’ ” (quoting Union Mut. Ins. Co. v. Robinson, 216 Ala. 527, 528-29, 118 So. 587, 587 (1927))). Moreover, a court may not ordinarily take judicial notice of the records of another court. See Belyeu v. Boman, 252 Ala. 371, 373, 41 So.2d 290, 291 (1949) (holding that the Supreme Court of Alabama may not take judicial notice of the records of the trial court unless those records appear in the clerk’s record or in the records of the Supreme Court); Worthington v. Amerson, 741 So.2d 437, 438 n. 2 (Ala.Civ.App. 1999) (“Generally, a court may not take judicial notice of the records of another court.”).
Rule 201, Ala. R. Evid., does provide that a court may take judicial notice of “adjudicative facts” “ ‘concerning the immediate parties — who did what, where, when, how, and with what motive or intent. ...’” Advisory Committee’s Notes to Rule 201, Ala. R. Evid. (quoting 2 K. Davis, Administrative Law Treatise § 15.03, at 353 (1958)). This Court has not yet been presented with the issue whether the adoption of the Alabama Rules of Evidence changed the common-law rule in Alabama that a court ordinarily may not notice the records of another court, but the majority of states retain the common-law rule. See Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice & Procedure § 5106.4 (2007). Even under Rule 201, however, it does not appear that the Court of Criminal Appeals would be permitted in this case to take judicial notice of whether Jett had filed his motion for a new trial in the circuit court clerk’s office. Rule 201 allows a court to notice a fact that is “not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.” Rule 201(b), Ala. R. Evid. In this case, it appears that the record on its face indicated that Jett had timely filed his motion for a new trial. The circuit court clerk apparently had entered the filing of the motion both in the case-action summary and in the Alabama Judicial Information System online case-action summary. Thus, it appears that the Court of Criminal Appeals went beyond taking judicial notice of an undisputed fact and relied on a telephone call to the circuit court clerk to establish that, notwithstanding the recordation of the motion reflected in the record, the motion had not been filed in the clerk’s office. Because the fact of filing was in dispute in this case, it would appear that judicial notice was not appropriate. See Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir.2001) (“[T]he court did more than take judicial notice of undisputed matters of public record. The court took judicial notice of disputed facts stated in public records.”).
The better practice would have been to afford Jett notice and an opportunity to be heard before the Court of Criminal Appeals noticed the records of the circuit court clerk. At least one jurisdiction has held that, “[i]f the party against whom the fact is noticed is not permitted an opportunity to demonstrate that the fact is not *647 true in the case at bar, a denial of due process results.” Sumpter v. State, 264 Ind. 117, 122-28, 340 N.E.2d 764, 768 (1976).
LYONS, J., concurs.