NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-611

CORITA JOHNSON

VERSUS

ROSIA METOYER, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 249,068
HONORABLE HARRY FRED RANDOW, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and James T. Genovese,
Judges.

AFFIRMED.

**Penny H. Tullos**
**Paul M. Lafleur**
**Stafford, Stewart & Potter**
**P. O. Box 1711**
**Alexandria, LA 71309-1711**
**(318) 487-4910**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **State Farm Mutual Automobile Ins.Co.**
     **Rosia Metoyer**
     **Sickle Cell Anemia ResearchFoundation, Inc.**

**Paul A. Lemke, III**
**Owens & Lemke, Inc.**
**P. O. Box 595**
**Harrisonburg, LA 71340**
**(318) 744-5431**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Corita Johnson**

**SAUNDERS, Judge**

Plaintiff, Corita Johnson (hereafter "Appellant"), appeals the trial court's judgment sustaining an exception of prescription in favor of the defendants, Rosia Metoyer, Sickle Cell Anemia Research Foundation, Inc., and State Farm Mutual Automobile Insurance Company (hereafter "Appellees").

**FACTS AND PROCEDURAL HISTORY**

This case arises out of an automobile accident in Alexandria, Louisiana, on November 9, 2012. At the time of the accident, Appellant was operating a vehicle she owned. Crystal Simmons was a passenger in Appellant's vehicle at the time of the accident. Rosia Metoyer, defendant, was operating a vehicle owned by Sickle Cell Anemia Research Foundation, Inc. and insured by State Farm Mutual Automobile Insurance Company. Appellant alleges that she sustained personal injuries in the accident and that the accident was caused by Rosia Metoyer's negligence.

Appellant filed a Petition for Damages against Appellees on December 26, 2013. On January 27, 2014, Appellees filed an exception of prescription, alleging more than one year had elapsed since the accident. The trial court heard testimony related to Appellees' exception on February 24, 2014. The matter was then taken under advisement. On February 26, 2014, the trial court granted Appellees' exception. Judgment on the exception was signed on March 14, 2014. It is from this judgment that this appeal arises.

**ASSIGNMENT OF ERROR**

Appellant asserts the trial court erred in granting the exception of prescription in favor of Appellees. For the following reasons, we find this assignment of error is without merit.

## DISCUSSION

As we explained in *Dugas v. Bayou Teche Water Works*, 10–1211, pp. 4–5 (La.App. 3 Cir. 4/6/11), 61 So.3d 826, 829–30:

> The peremptory exception of prescription is provided for in La.Code Civ.P. art. 927(A)(1). When the exception of prescription is tried before the trial on the merits, "evidence may be introduced to support or controvert [the exception] when the grounds thereof do not appear from the petition." La.Code Civ.P. art. 931.
>
> > When an exception of prescription is filed, ordinarily, the burden of proof is on the party pleading prescription. *Lima v. Schmidt*, 595 So.2d 624, 628 (La.1992). However, if prescription is evident on the face of the pleadings, as it is in the instant case, the burden shifts to the plaintiff to show the action has not prescribed. *Id.*; *Younger v. Marshall Ind., Inc.*, 618 So.2d 866, 869 (La.1993); *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So.2d 1383 (La.1993).
>
> *Eastin v. Entergy Corp.*, 03–1030, p. 5 (La. 2/6/04), 865 So.2d 49, 54.
>
> If evidence is introduced, the trial court's findings of fact are then subject to a manifest error analysis. *London Towne Condo. Homeowner's Ass'n v. London Towne Co.*, 06–401 (La. 10/17/06), 939 So.2d 1227. If no evidence is introduced, then the reviewing court simply determines whether the trial court's finding was legally correct. *Dauzart v. Fin. Indent. Ins. Co.*, 10–28 (La.App. 3 Cir. 6/2/10), 39 So.3d 802.

Where there are two permissible views of the evidence, there cannot be manifest error. *LeBlanc v. Calcasieu Parish Sch. Bd.*, 02-728 (La.App. 3 Cir. 12/30/02), 834 So.2d 1258 (citing *Seal v. Gaylord Container Corp.*, 97-0688 (La. 12/2/97), 704 So.2d 1161; *Stobart v. State through Dep't of Transp. & Dev.*, 617 So.2d 880 (La.1993)).

A suit is filed when the petition is timely deposited with the clerk of court of a court of competent jurisdiction. The plaintiff must establish by a preponderance of the evidence that the petition was deposited with the clerk of court. *Hayes v. Woodworth Trucking, Co.*, 353 So.2d 478 (La.App. 3 Cir. 1977). "Marking the

document or pleading 'filed' and designating the date is evidence of the act of filing, it is not the act of filing itself. The act of depositing the document or pleading is the filing." *Lambert v. Kelley*, 270 So.2d 532, 535 (La.1972)(citing *State v. Brazzel*, 229 La. 1091, 1095, 87 So.2d 609, 610 (1956)). Filing requires actual delivery into the custody of the clerk of court. *Brevelle v. Howard*, 00-797 (La.App. 3 Cir. 11/15/00), 772 So.2d 398, *writ denied*, 00-3450 (La. 2/9/01), 785 So.2d 826 (citing *McGee v. S. Farm Bureau Cas. Ins. Co.*, 125 So.2d 787 (La.App. 3 Cir.1960)).

Appellant asserts her Petition for Damages was sent to the Rapides Parish Clerk of Court on October 7, 2013, by U.S. Mail, with the petition drafted on behalf of Appellant's passenger, Crystal Simmons. The petition of Crystal Simmons was received and filed by the Rapides Parish Clerk of Court on October 8, 2014. Appellant asserts her petition was included in the same envelope; and, therefore it must have been received with Crystal Simmons' petition.

The evidence submitted at the hearing on the exception consisted of the testimony of the testimony of Paul A. Lemke, III, Appellant's attorney; Krissy Booth, Mr. Lemke's secretary; and Robin L. Hooter, the Rapides Parish Clerk of Court.

Mr. Lemke testified that he prepared the petitions for both Ms. Simmons and Appellant, signed them, and gave them to his secretary to mail on October 7, 2013. He explained that a transmittal letter addressed to the Clerk of Court stated that two petitions were enclosed in the mailing; one on behalf of Ms. Simmons, the other on behalf of Appellant. The letter further referred to two in forma pauperis applications. Mr. Lemke recalled receiving the sheriff's return for Crystal Simmons' suit, but did not "make any connection" that would have alerted him that there may be a problem with Appellant's suit. He explained that when he

3

received interrogatories directed to Ms. Simmons, he was alerted to a potential problem with Appellant's suit. He discussed the potential problem with the Rapides Parish Clerk of Court's office and learned that Appellant's suit and in forma pauperis application had not been filed. He testified that upon learning this, he again prepared and sent Appellant's suit to the Rapides Parish Clerk of Court on December 20, 2013. He explained that he no longer had Appellant's in forma pauperis application, so he had to prepare another, which was sent sometime after the December 20, 2013 transmittal of Appellant's petition.

Ms. Booth testified that, on October 7, 2013, after Mr. Lemke prepared the petitions for Crystal Simmons and Appellant, she addressed one letter for both clients, placed the petitions in the same envelope, which was stamped and mailed. She explained "to [her] knowledge" both petitions were in the envelope because she "had reference to them in [her] letter."

Ms. Hooter testified that on October 8, 2013, her office "time-stamped" a cover letter referring to two petitions; one for Crystal Simmons, the other for Corita Johnson. She further testified that it is routine practice to immediately "time-stamp" and scan documents that are received by her office. However, she testified that her office received only the petition of Crystal Simmons, despite the reference to both petitions in the cover letter. She further explained that she had verified nothing had been scanned under Appellant's name and that Appellant's petition was not located despite a search having been conducted. She further testified that she and her staff would not throw away any documents received even if they deemed them unnecessary. Finally, she testified that neither she nor any of her staff had any recollection of receiving Appellant's suit.

On the record before us, we find the trial court did not err in sustaining the exception. While the evidence shows it was possible that Mr. Lemke's secretary

4

mailed both the petition of Crystal Simmons and Appellant, that both were received by the Clerk's office, and that Appellant's petition was misplaced by the Clerk's office, it was at least as likely that Appellant's petition was inadvertently omitted from the envelope in which Crystal Simmons petition was mailed. Given that there are, at least, these two permissible views of the evidence, the trial court could not have erred in concluding Appellant did not establish by the preponderance of the evidence that the petition had been delivered into the actual custody of the Rapides Parish Clerk of Court. Accordingly, we find this assignment of error is without merit.

## DISPOSITION

For the foregoing reasons, the judgment of the trial court is affirmed in all respects. Costs of this appeal are assessed to Appellant, Corita Johnson.

**AFFIRMED.**