(128 So. 788)

### Ex parte STATE ex rel. BREITLING.

### 2 Div. 965.

Supreme Court of Alabama.
June 5, 1930.

Rehearing Denied June 19, 1930.

Hobbs, Craig & Brown, of Selma, for petitioner.

Benj. F. Elmore, of Demopolis, for respondent.

GARDNER, J.

Under the provisions of section 8967, Code 1923, appellant's suit commenced upon the filing of his complaint in the office of the clerk, and the result of this appeal turns upon the proper construction of this statute.

■ Confessedly, the complaint was not filed in the clerk's office on the date insisted upon in this proceeding, but was placed in the mail and remained at the post office, doubtless in the post office box of the clerk. As pointed out by the authorities, the word "file" is derived from the Latin word "filum," a thread, and its application is drawn from the ancient practice of placing papers on a thread or wire for ready reference. In Words and Phrases, Second Series, vol. 2, page 531, is the following definition: "There can be no 'filing' of a paper in a legal sense except by its delivery to an official whose duty it is to file papers and who is required to keep and maintain an office or other public place for their deposit, and the paper must either be delivered personally to such officer with the intent that the same shall be filed by him, or delivered at the place where the same should be filed." The authorities there noted are in full accord. See, also, Cheesman v. Cheesman, 203 App. Div. 533, 196 N. Y. S. 820; Piersol v. State, 122 Okl. 124, 254 P. 104; U. S. v. Lombardo (D. C.) 228 F. 980; Gorski's Case, 227 Mass. 456, 116 N. E. 811; Commonwealth v. O'Bryan, etc., Co., 153 Ky. 406, 155 S. W. 1126; Words and Phrases, Third Series, vol. 3, pages 599, 600, and authorities there noted.

Many of the cited cases deal with the use of the mail in transmitting papers for filing, and were analogous in this respect to the instant case. The case of State ex rel. Attorney General, 185 Ala. 347, 64 So. 310, is authority to the effect that the mail so used is but the agency of the sender, who must therefore suffer the consequences of any delay occasioned thereby.

■ In view of the plain language of our statute that the complaint must be filed in the office of the clerk and the well-nigh universally recognized meaning of the word "filed" used in such connection, we are constrained to hold the requirements of our statute have not been met. In this particular case some hardship may result, but we are of the opinion the plain provisions of the statute leave no discretion as to its proper construction.

The court below correctly ruled in denying appellant's motion, and the writ of mandamus prayed for will accordingly be here denied.

Writ denied.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.