118 So.2d 914

Ex parte UNITED STATES HOFFMAN MACHINERY CO.

6 Div. 31.

Supreme Court of Alabama.

March 17, 1960.

338

Walter G. Bridges and Lipscomb, Brobston, Jones & Brobston, Bessemer, for respondent.

Mudd & Baker and Andrew Griffin, Birmingham, and Ling & Bains, Bessemer, for petitioner.

STAKELY, Justice.

On December 8, 1955, the Circuit Court of Jefferson County, Bessemer Division, Judge Gardner F. Goodwyn, Jr., presiding,

rendered a judgment in favor of the defendant in a cause styled T. B. Flynn v. United States Hoffman Machinery Co., a corp. The judgment was based upon a jury verdict in favor of the defendant.

On Friday, January 6, 1956, the plaintiff presented to the trial judge in his office at the court house a motion for a new trial. The motion was filed in the office of the clerk of the court on Monday, January 9th. Defendant filed a motion to strike the motion for a new trial on the ground that it was filed more than thirty days after the judgment. The defendant's motion to strike was overruled and thereupon the defendant filed in this court a petition for a writ of mandamus to require Judge Goodwyn to vacate his order overruling the defendant's motion. This case was originally assigned to another Justice of this Court but has recently been reassigned to the writer.

The petition for mandamus is based on the ground that Judge Goodwyn had lost jurisdiction of the case and should have granted the motion to strike. This court issued a rule nisi to Judge Goodwyn to vacate his former ruling and grant petitioner's motion to strike or to show cause, etc. Judge Goodwyn, the respondent, filed an answer in this court denying that he had lost jurisdiction and the cause was submitted here on the petition for writ of mandamus and the respondent's answer thereto.

Section 119, Title 13, Code of 1940, among other things provides that, "* * * after the lapse of thirty days from the date on which a judgment or decree was rendered, the court shall lose all power over it, as completely as if the end of the term had been on that day, unless a motion to set aside the judgment or decree, or grant a new trial has been filed and called to the attention of the court, and an order entered continuing it for hearing to a future day; * * *."

It appears to be agreed that the 30th day fell on Saturday, January 7, 1956. The respondent alleges in his answer that "on the 6th day of January, 1956, within thirty days from the rendition of final judgment in this case, the Plaintiff presented to me in my office, during office hours and during the hours of Court, the motion for a new trial; and I, at that time in my office, located in the courthouse at Bessemer, Alabama, during Court hours, received said motion for a new trial and wrote on the same the following: 'Presented this 6th day of January, 1956, and passed to the 12th day of January, 1956, at 9 o'clock a. m. G. F. Goodwyn, Jr., Judge.'"

The position of Judge Goodwyn is that by appearing and requesting a continuance on the hearing of a motion for a new trial, the defendant (petitioner) waived any technical defect in the filing of the motion. The respondent further takes the position that the court can file papers in its own right and does at times receive papers and mark them "filed" and act upon them prior to their entry in the office of the clerk and that by affirmatively acting in the matter and manifesting his physical jurisdiction and control, the court does not lose jurisdiction merely because the clerk fails to mark the paper "filed."

The respondent takes the further position that the clerk's office is closed on Saturday in pursuance of a resolution of the Jefferson County Board of Commissioners, that the resolution is the law of this state and that, therefore, Monday, January 9th, became the "last day" for filing the motion for a new trial under the provisions of § 12, Title 1, Code of 1940, as amended by Act of the Legislature (Acts 1953, p. 926). 1955 Cumulative Pocket Part, Title 1, § 12, Code of 1940.

We believe that the first two contentions may be discussed together. As pointed out, § 119, Title 13, Code of 1940, states that the court shall lose all power

over the judgment after the lapse of thirty days "unless the motion has been filed and called to the attention of the court and an order entered."

In Pate v. State, 244 Ala. 396, 14 So.2d 251, a motion for a new trial was filed within thirty days but not called to the attention of the court until after the thirty-day period had elapsed. The court held that the statute had not been complied with within the time fixed by law so that the jurisdiction and power of the circuit court to enter the motion had never attached and having never existed, it could not be waived by waiver.

In Louisville & N. R. Co. v. Scott, 232 Ala. 284, 167 So. 572, one of the issues raised by petitioner was that the motion for a new trial was filed after the order of continuance was made and it was contended that, therefore, the court lacked jurisdiction at the time the order was made. The filing was done within the thirty-day period and this court held that where the motion is filed with the order endorsed on it both become operative at the same time although neither was effective until it (the motion) was filed with the clerk or entered on the motion docket. This court pointed out that the motion is effective on the day it is filed or entered and not the day on which the endorsement is made by the judge.

In Mt. Vernon-Woodberry Mills v. Union Springs Guano Co., 229 Ala. 91, 155 So. 716, we held that when the order of the judge is withheld from the files or not deposited with the clerk within the prescribed time, the order never takes effect.

These last two cases are referred to as dictum by counsel for the respondent, but in Central of Georgia Ry. Co. v. McDaniel, 262 Ala. 227, 78 So.2d 290, a motion for a new trial was seasonably filed and called to the court's attention but the order continuing it for hearing was not filed or deposited with the clerk within the statutory period. In citing the foregoing case of Mt. Vernon Woodberry-Mills v. Union Springs Guano Co., supra, this court held that the court had lost jurisdiction by failing to enter the order within the period and that the parties could not confer jurisdiction by consent or by failing to raise objections at the hearing.

■ We are not disposed to disturb the holdings in the three foregoing cases. This brings us to the question of whether or not the closing of the office of the clerk on Saturday was a closing as permitted by any law of this state. The respondent alleges and insists that the clerk's office was closed in pursuance of a resolution of the Jefferson County Board of Commissioners. This allegation is not controverted. Under § 1073, Title 7, Code of 1940, in a proceeding of the nature now before us, the averment of facts (American Life Ins. Co. v. Powell, 259 Ala. 70, 65 So.2d 516), in the return of the trial judge in response to the rule nisi, when not controverted, is to be taken as true. Lee v. Cunningham, 234 Ala. 639, 176 So. 477. We therefore must take as true the statement of the respondent that such a resolution was passed by the Jefferson County Board of Commissioners.

■ This leaves before us the question as to whether the adoption of the resolution was within the power of the Jefferson County Board of Commissioners. Section 152, Title 62, Code of 1940, provides as follows:

"The commission shall have the power to make rules and regulations for the conduct of all officers where the compensation of the employees or any part thereof is paid out of the funds of the county not inconsistent with the civil service law."

We feel sure that the progenitor of Section 152 appears in the 1931 General Acts, p. 300. In the 1931 Act as printed in Gen-

eral Acts, Regular Session 1931, p. 300, Section 11 appears as follows:

"That said Commission shall have the power to make rules and regulations for the conduct of all *offices* where the compensation of the employees or any part thereof is paid out of the funds of said County." [Italics supplied.]

Accordingly, we think that the language in § 152, Title 62, Code of 1940, using the word "officers" constitutes a self-correcting typographical error and the statute should be considered as containing the word "offices" rather than the word "officers." The correction of this mistake with the other provisions of the 1931 Act will more fairly carry out the intention of the legislature. Henry v. McCormack Bros. Motor Car Co., 232 Ala. 196, 167 So. 256; 82 C.J.S. Statutes § 342, p. 685.

Acting under the power given the Jefferson County Board of Commissioners contained in § 152, Title 62, Code of 1940, the County Commissioners of Jefferson County had the right to adopt a resolution closing the office of the clerk on Saturdays. Since the office was properly closed on Saturday, January 7, 1956, Monday, January 9, 1956, was within the proper time as provided in § 12, Title 1, as amended, 1955 Cumulative Pocket Part, Code of 1940.

We note that § 152, Title 62, supra, applies only to Jefferson County, while the statute controlling the other counties in the state is Act 74, General Acts of 1945, p. 72. Board of Revenue v. Johnson, 200 Ala. 533, 76 So. 859; Shepherd v. Clements, 224 Ala. 1, 141 So. 255.

Since the office of the clerk was closed on Saturday in the instant case, the motion with the order of the judge thereon was filed within due time when it was filed the following Monday in the office of the clerk on January 9, 1956.

Mandamus denied.

LAWSON, SIMPSON, MERRILL and COLEMAN, JJ., concur.