On Application for Rehearing
The appellant, Keith Eugene Poole, pleaded guilty to trafficking in cocaine and receiving stolen property. On June 15, 2005, Poole was sentenced to 10 years; that sentence was split, and he was ordered to serve two years on probation. Poole appealed. On August 9, 2005, we dismissed the appeal because the notice of appeal was untimely. Poole now moves that we reinstate his appeal. We elect to treat Poole's motion as an application for rehearing.
In Poole's motion he states that he filed a written notice of appeal in open court on July 27, 2005, forty-two days after Poole was sentenced, but the notice was not transmitted to the circuit clerk until August 3, 2005. Poole attaches the following order issued by the circuit court on August 12, 2005:
 "This cause coming before the Court on Defendant's Motion to Correct Record presented to the Court by the Defendant and the Court having considered the same, it is hereby ordered that the Defendant's Motion to Correct Record is granted. The defendant's written notice of appeal was timely made in open court on July 27, 2005. It is hereby ordered that the circuit clerk update the record on appeal to reflect the correct date for notice of appeal in the case action summary. *Page 377 
A copy of this order shall be forwarded to the Court of Criminal Appeals within ten (10) days of the date of this order."
The question posed by this case is whether a written notice of appeal from a criminal conviction is effective if it is filed with a circuit judge but is not transmitted to the circuit clerk.
Rule 4(b)(1), Ala.R.App.P., governs appeals from criminal convictions. It states:
 "In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (6 weeks) after pronouncement of the sentence, provided that the notice of appeal may be oral, as provided in Rule 3(a)(2). A notice of appeal filed after the announcement of a decision or order, but before pronouncement of the sentence, shall be treated as having been filed after pronouncement of the sentence and on the day thereof. If a motion in arrest of judgment, motion for new trial, or motion for judgment of acquittal has been filed within 30 days from pronouncement of the sentence, an appeal may be taken within 42 days (6 weeks) after the denial or overruling of the motion. A motion in arrest of judgment, motion for new trial, or motion for judgment of acquittal filed before pronouncement of the sentence shall be treated as having been filed immediately after pronouncement of the sentence and on the day thereof. When notice of appeal is made or filed before the timely filing of a motion in arrest of judgment, motion for new trial, or motion for judgment of acquittal, or during the pendency of such a timely filed motion, the time for filing of the court reporter's transcript and the clerk's record shall be governed by Rule 11(b) and (c) as if the notice of appeal had been filed on the date of the overruling of such motion. When an appeal by the state as of right is authorized by statute or rule, the notice of appeal shall be filed in the trial court within 42 days (6 weeks) after the decision, order, or judgment appealed from; except that any pre-trial appeal by the state shall be taken within the time allowed by the rule of criminal procedure providing for such appeals. . . ."
(Emphasis added.) "A pleading or other paper may be said to have been duly filed when it is delivered to the proper filing officer." Covington Bros. Motor Co. v. Robinson, 239 Ala. 226,229, 194 So. 663, 666 (1940). See also United States v.Lombardo, 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897 (1916).
 "As pointed out by the authorities, the word `file' is derived from the Latin word `filum,' a thread, and its application is drawn from the ancient practice of placing papers on a thread or wire for ready reference. In Words and Phrases, Second Series, vol. 2, page 531, is the following definition: `There can be no "filing" of a paper in a legal sense except by its delivery to an official whose duty it is to file papers and who is required to keep and maintain an office or other public place for their deposit, and the paper must either be delivered personally to such officer with the intent that the same shall be filed by him, or delivered at the place where the same should be filed.'"
Ex parte State ex Rel. Breitling, 221 Ala. 398, 399,128 So. 788, 788 (1930).
 "The object of `filing' is to deposit the document in a public place so that it may be seen and examined by any person interested. A document may be said to be `filed' with an officer when it is placed in his official custody and deposited in the place where his official *Page 378 
records and papers are usually kept. A document is `filed' when delivered in a public office to the custodian of the records thereof."
State v. Brazzel, 229 La. 1091, 1095-96, 87 So.2d 609, 610-11
(1956).
We are aware of no provision in the Alabama Rules of Appellate Procedure or any case precedent that allows for the filing of a written notice of appeal with a trial judge. In fact, inScribner v. State, 372 So.2d 1311 (Ala.Civ.App. 1979), the Court of Civil Appeals considered whether a written notice of appeal filed with the family court judge was sufficient to constitute "filing" under § 26-12-8, Ala. Code 1975.[1] The Court of Civil Appeals, in holding that the notice was not sufficient to comply with the statute, stated:
 "[Section 26-12-8, Ala. Code 1975,] was construed in the case of LeFlore v. State ex rel. Moore, 288 Ala. 310, 260 So.2d 581 (1972), where it was said that an appeal is not a matter of vested right, but by the grace of statute, and must be perfected pursuant to the time and manner prescribed in the controlling statute, and if the requirements of such statute are not met, the appeal must be dismissed.
 "In the present case, the clerk of the family court would have been the proper filing officer. Filing cannot be complete until notice is delivered to the proper filing officer. Moutry v. State, 359 So.2d 388 (Ala.Civ.App. 1978); Rule 5(e), [Ala.]R.[Civ.]P.
 "Because of defendant's failure to timely file notice of appeal with the clerk of the family court in accordance with the statute, the circuit court's jurisdiction never attached, and the trial court properly dismissed defendant's appeal."
372 So.2d at 1312. Rule 5(e), Ala.R.Civ.P., cited in Scribner, now provides as follows:
 "The filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk."[2]
However, as noted in Scribner, Rule 5(e) has not been applied to the filing of notices of appeal.
The Alabama Supreme Court in In re State ex rel. AttorneyGeneral, 185 Ala. 347, 64 So. 310 (1914), considered the question whether a timely mailed application for rehearing constituted a proper filing. The Court stated:
 "Manifestly the posting of an application, properly addressed, is not a compliance with the rule. It must be filed within the period stipulated. The mail must and could only be the agent or agency of the party applying for rehearing. If there be delay in the transmission of the application by the mail, however, free from fault or negligence the applicant may have been, it cannot be said that he has complied with this very necessary and wholesome provision of the rule. In mailing or otherwise transmitting the application, the chance of miscarriage or delay is a contingency, the happening of which the applicant must assume. Such miscarriage or delay will rarely occur; but when they do, it cannot be affirmed that seasonable, proper posting answers the prescription of the rule." *Page 379 185 Ala. at 349-50, 64 So. at 311. See also Perry v. City of Birmingham, 906 So.2d 174 (Ala. 2005); Olsen v. Moffat Road Veterinary Clinic, 441 So.2d 971 (Ala.Civ.App. 1983).
Here, the notice of appeal was not filed with the proper official within 42 days of the date of sentencing. When Poole deposited the notice with the circuit court without filing the notice with the circuit clerk he assumed the risk that the notice would not be timely forwarded to the circuit clerk. See In reState ex rel. Attorney General, supra.
Rule 4(b)(1), Ala.R.App.P., authorizes two different types of notices of appeal from a criminal conviction. An oral notice of appeal may be made at the time of sentencing, or a written notice of appeal may be filed with the circuit clerk within 42 days of the date of sentencing. This Rule is unambiguous, mandatory, and is not subject to interpretation. Poole failed to comply with Rule 4(b)(1), Ala.R.App.P.; therefore, the notice of appeal filed with the circuit court but not forwarded to the circuit clerk until August 3, 2005, more than 42 days after the date of sentencing, was untimely. The Court of Criminal Appeals has no authority to suspend the time for filing a notice of appeal. See Rule 2(b), Ala.R.App.P.
Poole's motion to reinstate this appeal is denied. Accordingly, this application for rehearing is hereby overruled. Poole's relief, if any, is to file a petition for postconviction relief pursuant to Rule 32.1(f), Ala. R.Crim.P.
APPLICATION FOR REHEARING OVERRULED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.
[1] This section states that notice of appeal is to be filed with the clerk of the appropriate court. This same provision is contained in Rule 4, Ala.R.App.P.
[2] Rule 5(e) has been amended since it was quoted in the 1979 opinion in Scribner. Substantively, however, the rule has not changed. *Page 380