David Lawrence Poole appeals the circuit court's summary denial of his two Rule 32, Ala.R.Crim.P., petitions for postconviction relief, in which he sought an out-of-time appeal from the summary denial of two previous Rule 32 petitions.
Poole was originally charged, in separate indictments, with five counts of production of obscene matter depicting persons under 17 years of age. Four of those indictments — in cases no. CC-89-444, no. CC-89-524, no. CC-89-525, and no. CC-89-527 "were consolidated for trial, and a jury found Poole guilty of all four counts. Poole then pleaded guilty to the fifth indictment — in case no. CC-89-526. This Court consolidated the appeals and affirmed Poole's convictions and sentences. Poole v. State, 596 So.2d 632
(Ala.Crim.App. 1992). Poole subsequently filed several *Page 605 
Rule 32 petitions attacking his convictions and sentences. On March 31, 2005, Poole filed two petitions attacking his convictions and sentences.[1] The circuit court summarily denied those petitions in a written order on September 23, 2005. On November 22, 2005, this Court dismissed as untimely Poole's appeal from the denial of those petitions. Poole v.State, (No. CR-05-0301) 954 So.2d 1153
(Ala.Crim.App. 2005) (table). This Court subsequently denied Poole's motion to reinstate his appeal. On December 29, 2005, Poole filed the two Rule 32 petitions that are the subject of this appeal — seeking an out-of-time appeal from the September 23, 2005, denial of his two previous petitions.[2] Without receiving a response from the tate, the circuit court summarily denied those petitions on June 9, 2006.[3]
In his December 29, 2005, petitions, Poole alleged, citing Rule 32.1(f), that he failed to appeal the denial of his previous petitions through no fault of his own, and he requested an out-of-time appeal. Specifically, he alleged that on September 29, 2005, six days after the circuit court had denied the petitions on September 23, 2005, he mailed to the circuit clerk timely notices of appeal.[4] He maintained that the notices were apparently lost in the mail and that the circuit clerk never received them. He further alleged that in October 2005, he mailed a letter to the circuit court (not to the circuit clerk's office) inquiring about the status of his appeal because he had not received any information regarding whether his previously mailed notices of appeal had been received and docketed. According to Poole, the circuit court treated his inquiry letter, which the court received on October 31, 2005, as a notice of appeal, and entered a written order on November 9, 2005, directing the circuit clerk to docket the letter as a notice of appeal. The circuit clerk then docketed Poole's appeal has having been filed the date of the circuit court's order — November 9, 2005. Poole stated that he was not aware that the circuit clerk had used November 9, 2005, as the date of his notice of appeal until November 22, 2005, when this Court dismissed the appeal as untimely filed. Poole argued in his petition that he had timely filed his notices of appeal when he mailed them to the circuit clerk on September 29, 2005; that even his inquiry letter, which was treated as a notice of appeal, was received by the circuit court within the 42-day period for filing a notice of appeal; and that, given these circumstances, the circuit clerk erred in using November 9, 2005, as the date his notice of *Page 606 
appeal had been filed. Thus, Poole concluded, his failure to appeal was through no fault of his own.
In its order denying Poole's petition, the circuit court stated:
 "[Poole] has filed his fifth Rule 32 petition wherein [Poole] asserts he was denied an appeal from this Court's ruling on [Poole's] fourth Rule 32 petition because the Clerk of the Circuit Court used the date of November 9, 2005, as the date of [Poole's] notice of appeal rather than October 31, 2005, as the date of [Poole's] notice of appeal.
 "This Court has reviewed the record of this case and finds no such error to have been made by the Trial Clerk. This matter was apparently raised by [Poole] in a MOTION TO RESTORE AND/OR MOTION TO REINSTATE APPEAL filed with the Court of Criminal Appeals. [Poole's] motion in this regard was denied by the Court of Criminal Appeals on December 6, 2005.
 "This Court finds no basis for [Poole's] fifth Rule 32 petition and on the basis of the findings of this Court, whether set out herein or not, it is hereby ORDERED that the defendant's fifth Rule 32 petition is hereby DENIED."
(C.Supp. 79-80.) The circuit court apparently construed Poole's claim as a challenge to the propriety of the date the circuit clerk used when docketing Poole's inquiry letter as a notice of appeal. In this respect, the circuit court was correct in finding that the circuit clerk used the correct date — November 9, 2005 — as the date of the "notice of appeal." Poole's inquiry letter was mailed to the circuit court, not to the circuit clerk. As this Court noted in Keith EugenePoole v. State, 926 So.2d 375 (Ala.Crim.App. 2005):
 "Here, the notice of appeal was not filed with the proper official within 42 days of the date of sentencing. When [Keith Eugene] Poole deposited the notice with the circuit court without filing the notice with the circuit clerk he assumed the risk that the notice would not be timely forwarded to the circuit clerk. See In re State ex rel. Attorney General, [185 Ala. 347, 64 So. 310 (1914)].
 "Rule 4(b)(1), Ala. R.App.P., authorizes two different types of notices of appeal from a criminal conviction. An oral notice of appeal may be made at the time of sentencing, or a written notice of appeal may be filed with the circuit clerk within 42 days of the date of sentencing. This Rule is unambiguous, mandatory, and is not subject to interpretation. Poole failed to comply with Rule 4(b)(1), Ala. R.App.P.; therefore, the notice of appeal filed with the circuit court but not forwarded to the circuit clerk until August 3, 2005, more than 42 days after the date of sentencing, was untimely. The Court of Criminal Appeals has no authority to suspend the time for filing a notice of appeal. See Rule 2(b), Ala. R.App.P."
926 So.2d at 379. Therefore, when treating the inquiry letter as the notice of appeal, the circuit clerk correctly docketed it as being filed the date the clerk received the court's order, not the date the court received the letter.
However, Poole's argument in his Rule 32 petition is not just a challenge to the date the circuit court docketed his inquiry letter as a notice of appeal and, thus, is distinguishable fromKeith Eugene Poole, supra. Poole specifically alleged in his petition, and continues to allege on appeal, that he timely mailed notices of appeal to the circuit clerk on September 29, 2005, well within the time for filing a notice of appeal. See Rule 4(c), Ala.R.App.P. ("If an inmate confined in an institution and proceeding pro se files a notice of appeal in either a civil or a criminal case, the notice *Page 607 
will be considered timely filed if it is deposited in the institution's internal mail system on or before the last day for filing."), and Ex parte Allen, 825 So.2d 271, 272
(Ala. 2002) ("[A] pro se incarcerated petitioner/appellant is considered to have `filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing."). He admitted in his petition, and admits on appeal, that his inquiry letter was addressed to the circuit court, not to the circuit clerk, but he points out that his letter was just that, a letter inquiring about the status of his case, not a notice of appeal, and that it was the circuit court, not him, who treated the letter as a notice of appeal. It is this convergence of circumstances that forms the basis for Poole's claim that he failed to appeal through no fault of his own, not merely the fact that the circuit clerk used November 9, 2005, as the date of his notice of appeal. The circuit court, however, did not acknowledge Poole's allegation that he had timely mailed notices of appeal to the circuit clerk on September 29, 2005, and, thus, in effect, the circuit court did not truly address Poole's claim.
Moreover, Poole's claim is sufficiently pleaded to satisfy the pleading requirements in Rule 32.3 and Rule 32.6(b), and his factual allegations were unrefuted by the State; therefore, they must be accepted as true. See Bates v. State,620 So.2d 745, 746 (Ala.Crim.App. 1992) ("`When the States does not respond to a petitioner's allegations, the unrefuted statement of facts must be taken as true.'"), quoting Smith v.State, 581 So.2d 1283, 1284 (Ala.Crim.App. 1991). In addition, his claim is not precluded by any of the provisions of Rule 32.2.[5] Because his claim is not barred, is sufficiently pleaded, and is unrefuted by the State, Poole is entitled to an opportunity to prove his claim. See Ford v.State, 831 So.2d 641, 644 (Ala.Crim.App. 2001) ("Once a petitioner has met his burden of pleading so as to avoid summary disposition pursuant to Rule 32.7(d), Ala. R.Crim.P., he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof.").
Based on the foregoing, we remand this case for the circuit court to allow Poole an opportunity to present evidence to support his claim that his failure to appeal the denial of his two previous Rule 32 petitions was through no fault of his own because on September 29, 2005, he timely mailed notices of appeal, which were apparently lost in the mail and never received by the circuit clerk. The court shall either conduct an evidentiary hearing or accept evidence in the form of affidavits, written interrogatories, or depositions. See Rule 32.9(a), Ala. R.Crim.P. After receiving and considering the evidence presented, the circuit court shall issue specific written findings of fact regarding Poole's claim and specifically regarding his allegation that he timely mailed notices of appeal on September 29, 2005. The court may grant whatever relief it deems necessary. Due return shall be filed within 42 days of the date of this opinion and shall include the circuit court's written findings of fact, a transcript of the evidentiary hearing, if one *Page 608 
is conducted, and any other evidence received and/or relied on by the court in making its findings.
REMANDED WITH DIRECTIONS.*
BASCHAB, P.J., and McMILLAN, WISE, and WELCH, JJ., concur.
[1] One petition attacked Poole's convictions in cases no. CC-89-444, no. CC-89-524, no. CC-89-525, and no. CC-89-527, and the other attacked Poole's conviction in case no. CC-89-526.
[2] One petition sought an out-of-time appeal from the denial of his previous petition in cases no. CC-89-444, no. CC-89-524, no. CC-89-526, and no. CC-89-527, and one petition sought an out-of-time appeal from the denial of his previous petition in case no. CC-89-526.
[3] The court originally denied the petitions on March 30, 2006, and Poole appealed. However, because the circuit court had not granted Poole's request to proceed in forma pauperis before denying Poole's petitions, the circuit court lacked jurisdiction to enter the March 30, 2006, order denying the petitions, and this Court dismissed Poole's appeal as being from a void judgment. Poole v. State (No. CR-05-1286, June 15, 2006), ___ So.2d ___(Ala.Crim.App. 2005) (table). The circuit court then granted Poole's request to proceed in forma pauperis and on June 9, 2006, reentered its order denying the petitions.
[4] Poole stated that he filed two notices appeal — one relating to the petition in cases no. CC-89-444, no. CC-89-524, no. CC-89-525, and no. CC-89-527 and one for the petition relating to case no. CC-89-526.
[5] Although Poole made this argument in his motion to reinstate his appeal filed with this Court, this Court is bound by the record on appeal, and our denial of that motion was based solely on the documentation we had before us at the time — Poole's inquiry letter and the court's order directing the circuit clerk to treat the letter as a notice of appeal — which indicated that Poole's notice of appeal was untimely under Keith Eugene Poole, supra. Thus, our denial of Poole's motion does not preclude Poole from raising in these Rule 32 petitions his allegation that he timely mailed notices of appeal on September 29, 2005.
* Note from the reporter of decisions: On January 25, 2008, on return to remand, the Court of Criminal Appeals affirmed, without opinion.