5 So.3d 640 (2007)
Ex parte Xavier JETT.
(In re Xavier Jett v. State of Alabama).
1060281.
Supreme Court of Alabama.
July 20, 2007.
*641 Bryan A. Stevenson and Randall S. Susskind of Equal Justice Initiative of Alabama, Montgomery; and Edward D. Tumlin, Birmingham, for petitioner.
Troy King, atty. gen., Kevin C. Newsom, deputy atty. gen., and Stephanie N. Morman and James B. Prude, asst. attys. gen., for respondent.
PER CURIAM.
On April 25, 2006, Xavier Jett was sentenced to life in prison following his convictions for attempted murder and for discharging a gun into an occupied dwelling. He filed a motion in open court for a new trial. That motion was denied on May 26. On June 20, Jett filed his notice of appeal to the Court of Criminal Appeals. The Court of Criminal Appeals held that Jett's motion for a new trial had not been effectively filed under Rule 24.1, Ala. R.Crim. P., because it was not filed with the clerk of the circuit court. Based on that holding, the Court of Criminal Appeals concluded that the motion for a new trial did not toll the running of the time for filing a notice of appeal and that Jett's notice of appeal was filed outside the 42-day period for the filing of an appeal; it therefore dismissed his appeal. Jett v. State, 5 So.3d 637 (Ala.Crim.App.2006). Because we hold that Rule 24.1, Ala. R.Crim. P., does not prohibit Jett from filing his motion with the trial judge in open court, we reverse and remand.

Facts and Procedural History
Xavier Jett was convicted of attempted murder and of discharging a gun into an occupied dwelling. On April 25, 2006, the trial court sentenced him to life in prison. At the sentencing hearing, Jett filed a motion for a new trial with the trial judge. The motion is contained in the clerk's record, and the handwritten case-action-summary sheet notes that it was denied. The Alabama Judicial Information System online case-action summary includes a notation that the motion for a new trial was filed on April 25, 2006.
When the Court of Criminal Appeals began reviewing Jett's appeal, it contacted the clerk of the circuit court, who stated that the motion for a new trial had not *642 been filed in that office.[1] The Court of Criminal Appeals concluded that the motion Jett had filed with the trial judge had not been forwarded to the clerk of the circuit court. For this reason, the Court of Criminal Appeals held, the motion for a new trial had not been properly filed pursuant to Rule 24.1(b), Ala. R.Crim. P.,[2] and, therefore, it had not tolled the running of the time for filing a notice of appeal. That court held that the notice of appeal was therefore untimely, and it dismissed Jett's appeal. We granted Jett's petition for the writ of certiorari to determine whether Jett's motion for a new trial was effectively filed and whether the Court of Criminal Appeals violated Jett's due-process rights when it contacted the circuit court clerk's office without giving him notice and an opportunity to be heard. However, because we hold that Jett's motion for a new trial was effectively filed, we need not decide the issue whether the Court of Criminal Appeals erred in contacting the circuit clerk without notifying Jett.

Standard of Review
"`This Court reviews pure questions of law in criminal cases de novo.'" Ex parte Morrow, 915 So.2d 539, 541 (Ala. 2004) (quoting Ex parte Key, 890 So.2d 1056, 1059 (Ala.2003)).

Analysis
Jett argues that the Court of Criminal Appeals erred in concluding that his motion for a new trial, because it was filed in open court rather than in the circuit court clerk's office, was not effectively filed and therefore did not toll the running of the time within which he could file his notice of appeal. We agree.
In dismissing Jett's appeal as untimely, the Court of Criminal Appeals relied on Poole v. State, 926 So.2d 375 (Ala.Crim. App.2005), a case interpreting Rule 4(b)(1), Ala. R.App. P. In Poole, the Court of Criminal Appeals held that a written notice of appeal filed with the trial judge but not transmitted to the court clerk is ineffective. 926 So.2d at 379. Rule 4(b)(1) specifically requires that a written notice of appeal be filed with the clerk of the trial court; therefore, the Court of Criminal Appeals concluded in Poole: "[T]he notice of appeal was not filed with the proper official within 42 days of the date of sentencing." 926 So.2d at 379.[3]
*643 Jett argues that Poole is distinguishable from this case because Rule 4(b)(1) applies to a notice of appeal, not to a motion for a new trial. Rule 4(b)(1) provides that "a notice of appeal by the defendant shall be filed with the clerk of the trial court." On the other hand, Rule 24.1(b), Ala. R.Crim. P., governing the timeliness of a motion for a new trial, does not require filing "with the clerk of the trial court," but states instead only that "[a] motion for a new trial must be filed no later than thirty (30) days after sentence is pronounced." Thus, unlike Rule 4(b)(1), Rule 24.1(b) does not, on its face, require that a motion for a new trial be filed in the clerk's office.
The State argues that "reference to similar procedural rules" shows that the Alabama Rules of Criminal Procedure "contemplate that the motion [for a new trial] is to be filed in the circuit clerk's office." State's brief at 5-6. The State notes that the Alabama Rules of Appellate Procedure provide that, "[i]n criminal cases, an appeal permitted by law as a matter of right to an appellate court shall be taken by filing a written notice of appeal with the clerk of the trial court...." Rule 3(a)(2), Ala. R.App. P.
The State further points out that the Alabama Rules of Civil Procedure define the term "filing with the court" as follows:
"The filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk."
Rule 5(e), Ala. R. Civ. P.
Finally, the State notes that, in Rule 24.3, Ala. R.Crim. P.,[4] the Court eliminated the previous practice that had required a motion for a new trial to be presented to the trial judge. The State contends that "[t]he only logical conclusion to be drawn from [this] change in language is that this Court intended to discontinue the procedural requirement, or practice, of `filing' motions with the trial judge." State's brief at 11.
Our construction of Rule 24.1, Ala. R.Crim. P., begins with the plain language of the rule itself. Ex parte Haynes Downard Andra & Jones, LLP, 924 So.2d 687, 692 (Ala.2005) ("`"We start with the basic premise that words used in court rules must be given their plain meaning."'" (quoting Southeastern Meats of Pelham, Inc. v. City of Birmingham, 895 So.2d 909, 913 (Ala.2004), quoting in turn Nieto v. State, 842 So.2d 748, 749 (Ala. Crim.App.2002))). In construing Rule 24.1, "we are mindful that rules and statutes relating to the same subject matter must be read in pari materia, thus allowing for legal harmony where possible." Ex parte State ex rel. Daw, 786 So.2d 1134, 1136 (Ala.2000). However, we also recognize that this Court adopts a court rule with knowledge of other court rules and existing law. See Ex parte Fontaine Trailer Co., 854 So.2d 71, 83 (Ala.2003) ("`It is a familiar principle of statutory interpretation that the Legislature, in enacting new legislation, is presumed to know the existing law.'" (quoting Blue Cross & Blue Shield of Alabama, Inc. v. Nielsen, 714 So.2d 293, 297 (Ala.1998))); Daw, 786 So.2d at 1137 ("In construing rules of court, this Court has applied the rules of construction applicable to statutes.").
*644 Here, Rule 24.1, Ala. R.Crim. P., does not specify the manner in which a filing must be made. On the other hand, both Rule 5(e), Ala. R. Civ. P., and Rule 3(a)(2), Ala. R.App. P., specifically provide for papers to be filed in the office of the clerk of the trial court in certain circumstances. It is apparent that this Court knows how to craft a rule that would require a party to file a motion for a new trial in the trial court clerk's office instead of with a trial judge. The absence of language requiring the motion to be filed in the office of the clerk of the trial court suggests that a party may file a motion for a new trial directly with the trial judge if the judge is willing to accept it for filing in this manner.
A reading of Rule 24.1 in harmony with Rule 5(e), Ala. R. Civ. P., and Rule 3(a)(2), Ala. R.App. P., supports this interpretation. Rule 5(e) specifically allows a litigant, with the trial judge's permission, to file a motion for a new trial directly with the trial judge. Rule 3(a)(2), although stating that a written notice of appeal must be filed in the office of the clerk of the trial court, provides that a criminal defendant may also give an oral notice of appeal directly to the trial judge at the time of sentencing. Thus, the reference to the Alabama Rules of Civil Procedure and the Alabama Rules of Appellate Procedure actually demonstrates that the definition of "filing" is broader than the Court of Criminal Appeals understood it to be.
Contrary to the State's assertion, the language of Rule 24.3, Ala. R.Crim. P., does not indicate that "this Court intended to discontinue the procedural requirement... of `filing' motions with the trial judge." State's brief at 11. Rule 24.3 states that "[i]n order to perfect the filing of ... a motion for a new trial, it is not necessary for the motion to be presented to the judge...." Although Rule 24.3 allows a party to file a motion without presenting it directly to the trial judge, it does not prohibit a party from presenting the motion to the judge. We cannot say that the Court intended in Rule 24.3 to "discontinue the procedural requirement ... of `filing' motions with the trial judge." State's brief at 11.
In light of the fact that Rule 24.1 does not prohibit the filing of a motion for a new trial with the trial judge and that both Rule 5(e), Ala. R. Civ. P., and Rule 3(a)(2), Ala. R.App. P., contemplate filings directly with the trial judge in certain circumstances, we hold that Jett's filing of a written motion for a new trial directly with the trial judgea motion stamped "filed in open court" appears in the clerk's record was sufficient to toll the period within which to file a notice of appeal.
Finally, the State argues that Jett's motion for a new trial, even if the trial judge could permissibly accept it, nonetheless had to be delivered to the circuit clerk before it could be considered effective. The State cites Ex parte United States Hoffman Machinery Co., 270 Ala. 337, 118 So.2d 914 (1960), in support of this proposition.[5] That case, however, interpreted Tit. 13, § 119, Ala.Code 1940, which provided, in pertinent part:
"[A]fter the lapse of thirty days from the date on which a judgment or decree was rendered, the court shall lose all power over it ... unless a motion to ... grant a new trial has been filed and called to *645 the attention of the court, and an order entered continuing it for hearing to a future day."
In Hoffman Machinery Co., the plaintiff submitted his motion for a new trial to the trial judge on a Friday. The 30th day was a Saturday. Because the clerk's office was not open on Saturday, the motion did not reach the clerk's office until Monday. The defendant moved to strike the motion for a new trial. However, the precise question in that case was not whether the motion had been filed, but whether the trial court had jurisdiction to hear the motion because no order for a continuance had been entered before the 30th day. It was the order granting a continuance or granting a new trial that had to be filed with the clerk of the trial court, and that order would not be effective until so filed. See Mt. Vernon-Woodberry Mills v. Union Springs Guano Co., 229 Ala. 91, 93, 155 So. 716, 717-18 (1934) ("We have held that the entry here meant is the act of delivering it to the clerk to be filed, or of writing it on the motion docket or minutes."). Thus, Hoffman Machinery Co. does not stand for the proposition that a motion for a new trial must be filed in the clerk's office in order to be effective. Therefore, we hold that a motion for a new trial is effectively filed under Rule 24.1, Ala. R.Crim. P., when it is received by the trial judge.[6]

Conclusion
Because Jett effectively filed his motion for a new trial, the Court of Criminal Appeals erred in dismissing his appeal on the ground that Jett's notice of appeal was untimely filed. That court's judgment is reversed and the case is remanded for the Court of Criminal Appeals to consider the merits of Jett's appeal.
REVERSED AND REMANDED.
WOODALL, STUART, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
SEE and LYONS, JJ., concur specially.
COBB, C.J., recuses herself.
SEE, Justice (concurring specially).
I join fully in the main opinion; I write specially only because of my concern about the practice addressed in Jett's alternative argumentthe argument this Court finds it unnecessary to reach.
The Court of Criminal Appeals held that Jett had not effectively filed his motion for a new trial because he had filed it with the trial judge instead of in the office of the clerk of the trial court. The Court of Criminal Appeals states in its opinion that "[t]he circuit clerk was not aware that a motion for a new trial had been filed in this case until the clerk's office of this Court inquired as to whether one had been filed." Jett v. State, 5 So.3d 637, 639 n. 1 (Ala.Crim.App.2006). Jett notes that the filing of the motion appears both in the case-action summary and in the Alabama Judicial Information System online case-action summary; the motion appears in the clerk's record and is stamped "filed in open court." Jett argues that the Court of Criminal Appeals violated his due-process rights when it contacted the clerk of the circuit court to determine whether the motion had actually been filed in the clerk's office.
It has long been our rule that an appellate court may not rely on facts outside the *646 record. Liberty Nat'l Life Ins. Co. v. Patterson, 278 Ala. 43, 48, 175 So.2d 737, 741 (1965) ("`[The record] is the sole, conclusive, and unimpeachable evidence of the proceedings in the lower court. If incomplete or incorrect, amendment or correction must be sought by appropriate proceedings rather than by impeachment on the hearing in the appellate court. Accordingly, the record cannot be impeached, changed, altered, or varied on appeal by an ex parte and unauthorized certificate of the trial judge or of the clerk, nor by statements in the briefs of counsel, nor by affidavits or other evidence or matters dehors the record.'" (quoting Union Mut. Ins. Co. v. Robinson, 216 Ala. 527, 528-29, 113 So. 587, 587 (1927))). Moreover, a court may not ordinarily take judicial notice of the records of another court. See Belyeu v. Boman, 252 Ala. 371, 373, 41 So.2d 290, 291 (1949) (holding that the Supreme Court of Alabama may not take judicial notice of the records of the trial court unless those records appear in the clerk's record or in the records of the Supreme Court); Worthington v. Amerson, 741 So.2d 437, 438 n. 2 (Ala.Civ.App. 1999) ("Generally, a court may not take judicial notice of the records of another court.").
Rule 201, Ala. R. Evid., does provide that a court may take judicial notice of "adjudicative facts" "'concerning the immediate partieswho did what, where, when, how, and with what motive or intent....'" Advisory Committee's Notes to Rule 201, Ala. R. Evid. (quoting 2 K. Davis, Administrative Law Treatise § 15.03, at 353 (1958)). This Court has not yet been presented with the issue whether the adoption of the Alabama Rules of Evidence changed the common-law rule in Alabama that a court ordinarily may not notice the records of another court, but the majority of states retain the common-law rule. See Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice & Procedure § 5106.4 (2007). Even under Rule 201, however, it does not appear that the Court of Criminal Appeals would be permitted in this case to take judicial notice of whether Jett had filed his motion for a new trial in the circuit court clerk's office. Rule 201 allows a court to notice a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Rule 201(b), Ala. R. Evid. In this case, it appears that the record on its face indicated that Jett had timely filed his motion for a new trial. The circuit court clerk apparently had entered the filing of the motion both in the case-action summary and in the Alabama Judicial Information System online case-action summary. Thus, it appears that the Court of Criminal Appeals went beyond taking judicial notice of an undisputed fact and relied on a telephone call to the circuit court clerk to establish that, notwithstanding the recordation of the motion reflected in the record, the motion had not been filed in the clerk's office. Because the fact of filing was in dispute in this case, it would appear that judicial notice was not appropriate. See Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir.2001) ("[T]he court did more than take judicial notice of undisputed matters of public record. The court took judicial notice of disputed facts stated in public records.").
The better practice would have been to afford Jett notice and an opportunity to be heard before the Court of Criminal Appeals noticed the records of the circuit court clerk. At least one jurisdiction has held that, "[i]f the party against whom the fact is noticed is not permitted an opportunity to demonstrate that the fact is not *647 true in the case at bar, a denial of due process results." Sumpter v. State, 264 Ind. 117, 122-23, 340 N.E.2d 764, 768 (1976).
LYONS, J., concurs.
NOTES
[1] The Court of Criminal Appeals stated in a footnote in its opinion dismissing Jett's appeal: "The circuit clerk was not aware that a motion for a new trial had been filed in this case until the clerk's office of this Court inquired as to whether one had been filed." 5 So.3d 639 at n. 1.
[2] Rule 24.1(b), Ala. R.Crim. P., provides:

"A motion for a new trial must be filed no later than thirty (30) days after sentence is pronounced. After a denial of a motion for a new trial, the previously filed notice of appeal shall be deemed to have been filed as of the date of the denial of the motion and shall include an appeal from the denial of the motion."
[3] Two other cases cited by the Court of Criminal Appeals in its opinion in the instant case, Covington Bros. Motor Co. v. Robinson, 239 Ala. 226, 194 So. 663 (1940), and Ex parte State ex rel. Breitling, 221 Ala. 398, 128 So. 788 (1930), did not address this specific issue. Robinson held that the referee in a bankruptcy case is, for all intents and purposes, the bankruptcy court, and that all papers may be filed with the referee unless they require action by the bankruptcy judge. For this reason, either the referee or the judge would be the "proper filing officer" for an amendment to the schedule in a bankruptcy petition. Breitling held that the mailbox rule does not apply to the filing of a complaint: placing the complaint in the mail did not constitute filing; a complaint is not filed until it is actually received by the clerk of the court. In Breitling, a statute required that the complaint be directed to the clerk of the trial court.
[4] Rule 24.3, Ala. R.Crim. P., provides:

"In order to perfect the filing of a motion in arrest of judgment or a motion for new trial, it is not necessary for the motion to be presented to the judge, nor is it required, in order to perfect its filing, that the motion be set for a date certain."
[5] The State also cites a number of cases that stand for the proposition that "a trial judge's order (or ruling) on any motion or judgment is not effective until it is filed in the circuit clerk's office." State's brief at 17-18. These cases do not address whether the motion itself, as opposed to the order ruling on that motion, is effective before it is filed with the clerk.
[6] Because we hold that the Court of Criminal Appeals erred in dismissing Jett's appeal, it is not necessary to decide whether the Court of Criminal Appeals violated Jett's due-process rights when it contacted the circuit court clerk without notifying Jett.