PER CURIAM.
On April 25, 2006, Xavier Jett was sentenced to life in prison following his convictions for attempted murder and for discharging a gun into an occupied dwelling. He filed a motion in open court for a new trial. That motion was denied on May 26. On June 20, Jett filed his notice of appeal to the Court of Criminal Appeals. The Court of Criminal Appeals held that Jett’s motion for a new trial had not been effectively filed under Rule 24.1, Ala. R.Crim. P., because it was not filed with the clerk of the circuit court. Based on that holding, the Court of Criminal Appeals concluded that the motion for a new trial did not toll the running of the time for filing a notice of appeal and that Jett’s notice of appeal was filed outside the 42-day period for the filing of an appeal; it therefore dismissed his appeal. Jett v. State, 5 So.3d 637 (Ala.Crim.App.2006). Because we hold that Rule 24.1, Ala. R.Crim. P., does not prohibit Jett from filing his motion with the trial judge in open court, we reverse and remand.

Facts and Procedural History

Xavier Jett was convicted of attempted murder and of discharging a gun into an occupied dwelling. On April 25, 2006, the trial court sentenced him to life in prison. At the sentencing hearing, Jett filed a motion for a new trial with the trial judge. The motion is contained in the clerk’s record, and the handwritten case-action-summary sheet notes that it was denied. The Alabama Judicial Information System online case-action summary includes a notation that the motion for a new trial was filed on April 25, 2006.
When the Court of Criminal Appeals began reviewing Jett’s appeal, it contacted the clerk of the circuit court, who stated that the motion for a new trial had not *642 been filed in that office.[1] The Court of Criminal Appeals concluded that the motion Jett had filed with the trial judge had not been forwarded to the clerk of the circuit court. For this reason, the Court of Criminal Appeals held, the motion for a new trial had not been properly filed pursuant to Rule 24.1(b), Ala. R.Crim. P.,[2] and, therefore, it had not tolled the running of the time for filing a notice of appeal. That court held that the notice of appeal was therefore untimely, and it dismissed Jett’s appeal. We granted Jett’s petition for the writ of certiorari to determine whether Jett’s motion for a new trial was effectively filed and whether the Court of Criminal Appeals violated Jett’s due-process rights when it contacted the circuit court clerk’s office without giving him notice and an opportunity to be heard. However, because we hold that Jett’s motion for a new trial was effectively filed, we need not decide the issue whether the Court of Criminal Appeals erred in contacting the circuit clerk without notifying Jett.

Standard of Review

‘“This Court reviews pure questions of law in criminal cases de novo.’ ” Ex parte Morrow, 915 So.2d 539, 541 (Ala.2004) (quoting Ex parte Key, 890 So.2d 1056, 1059 (Ala.2003)).

Analysis

Jett argues that the Court of Criminal Appeals erred in concluding that his motion for a new trial, because it was filed in open court rather than in the circuit court clerk’s office, was not effectively filed and therefore did not toll the running of the time within which he could file his notice of appeal. We agree.
In dismissing Jett’s appeal as untimely, the Court of Criminal Appeals relied on Poole v. State, 926 So.2d 375 (Ala.Crim. App.2005), a case interpreting Rule 4(b)(1), Ala. R.App. P. In Poole, the Court of Criminal Appeals held that a written notice of appeal filed with the trial judge but not transmitted to the court clerk is ineffective. 926 So.2d at 379. Rule 4(b)(1) specifically requires that a written notice of appeal be filed with the clerk of the trial court; therefore, the Court of Criminal Appeals concluded in Poole: “[T]he notice of appeal was not filed with the proper official within 42 days of the date of sentencing.” 926 So.2d at 379.[3]
*643 Jett argues that Poole is distinguishable from this case because Rule 4(b)(1) applies to a notice of appeal, not to a motion for a new trial. Rule 4(b)(1) provides that “a notice of appeal by the defendant shall be filed with the clerk of the trial court.” On the other hand, Rule 24.1(b), Ala. R.Crim. P., governing the timeliness of a motion for a new trial, does not require filing “with the clerk of the trial court,” but states instead only that “[a] motion for a new trial must be filed no later than thirty (30) days after sentence is pronounced.” Thus, unlike Rule 4(b)(1), Rule 24.1(b) does not, on its face, require that a motion for a new trial be filed in the clerk’s office.
The State argues that “reference to similar procedural rules” shows that the Alabama Rules of Criminal Procedure “contemplate that the motion [for a new trial] is to be filed in the circuit clerk’s office.” State’s brief at 5-6. The State notes that the Alabama Rules of Appellate Procedure provide that, “[i]n criminal cases, an appeal permitted by law as a matter of right to an appellate court shall be taken by filing a written notice of appeal with the clerk of the trial court....” Rule 3(a)(2), Ala. R.App. P.
The State further points out that the Alabama Rules of Civil Procedure define the term “filing with the court” as follows:
“The filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk.”
Rule 5(e), Ala. R. Civ. P.
Finally, the State notes that, in Rule 24.3, Ala. R.Crim. P.,[4] the Court eliminated the previous practice that had required a motion for a new trial to be presented to the trial judge. The State contends that “[t]he only logical conclusion to be drawn from [this] change in language is that this Court intended to discontinue the procedural requirement, or practice, of ‘filing’ motions with the trial judge.” State’s brief at 11.
Our construction of Rule 24.1, Ala. R.Crim. P., begins with the plain language of the rule itself. Ex parte Haynes Downard Andra & Jones, LLP, 924 So.2d 687, 692 (Ala.2005) (“ ‘ “We start with the basic premise that words used in court rules must be given their plain meaning.” ’ ” (quoting Southeastern Meats of Pelham, Inc. v. City of Birmingham, 895 So.2d 909, 913 (Ala.2004), quoting in turn Nieto v. State, 842 So.2d 748, 749 (Ala. Crim.App.2002))). In construing Rule 24.1, “we are mindful that rules and statutes relating to the same subject matter must be read in pañ materia, thus allowing for legal harmony where possible.” Ex parte State ex rel. Daw, 786 So.2d 1134, 1136 (Ala.2000). However, we also recognize that this Court adopts a court rule 'with knowledge of other court rules and existing law. See Ex parte Fontaine Trailer Co., 854 So.2d 71, 83 (Ala.2003) (“ ‘It is a familiar principle of statutory interpretation that the Legislature, in enacting new legislation, is presumed to know the existing law.’” (quoting Blue Cross & Blue Shield of Alabama, Inc. v. Nielsen, 714 So.2d 293, 297 (Ala.1998))); Daw, 786 So.2d at 1137 (“In construing rules of court, this Court has applied the rules of construction applicable to statutes.”).
*644 Here, Rule 24.1, Ala. R.Crim. P., does not specify the manner in which a filing must be made. On the other hand, both Rule 5(e), Ala. R. Civ. P., and Rule 3(a)(2), Ala. R.App. P., specifically provide for papers to be filed in the office of the clerk of the trial court in certain circumstances. It is apparent that this Court knows how to craft a rule that would require a party to file a motion for a new trial in the trial court clerk’s office instead of with a trial judge. The absence of language requiring the motion to be filed in the office of the clerk of the trial court suggests that a party may file a motion for a new trial directly with the trial judge if the judge is willing to accept it for filing in this manner.
A reading of Rule 24.1 in harmony with Rule 5(e), Ala. R. Civ. P., and Rule 3(a)(2), Ala. R.App. P., supports this interpretation. Rule 5(e) specifically allows a litigant, with the trial judge’s permission, to file a motion for a new trial directly with the trial judge. Rule 3(a)(2), although stating that a written notice of appeal must be filed in the office of the clerk of the trial court, provides that a criminal defendant may also give an oral notice of appeal directly to the trial judge at the time of sentencing. Thus, the reference to the Alabama Rules of Civil Procedure and the Alabama Rules of Appellate Procedure actually demonstrates that the definition of “filing” is broader than the Court of Criminal Appeals understood it to be.
Contrary to the State’s assertion, the language of Rule 24.3, Ala. R.Crim. P., does not indicate that “this Court intended to discontinue the procedural requirement ... of ‘filing’ motions with the trial judge.” State’s brief at 11. Rule 24.3 states that “[i] n order to perfect the filing of ... a motion for a new trial, it is not necessary for the motion to be presented to the judge.... ” Although Rule 24.3 allows a party to file a motion without presenting it directly to the trial judge, it does not prohibit a party from presenting the motion to the judge. We cannot say that the Court intended in Rule 24.3 to “discontinue the procedural requirement ... of ‘filing’ motions with the trial judge.” State’s brief at 11.
In light of the fact that Rule 24.1 does not prohibit the filing of a motion for a new trial with the trial judge and that both Rule 5(e), Ala. R. Civ. P., and Rule 3(a)(2), Ala. R.App. P., contemplate filings directly with the trial judge in certain circumstances, we hold that Jett’s filing of a written motion for a new trial directly with the trial judge — a motion stamped “filed in open court” appears in the clerk’s record— was sufficient to toll the period within which to file a notice of appeal.
Finally, the State argues that Jett’s motion for a new trial, even if the trial judge could permissibly accept it, nonetheless had to be delivered to the circuit clerk before it could be considered effective. The State cites Ex parte United States Hoffman Machinery Co., 270 Ala. 337, 118 So.2d 914 (1960), in support of this proposition.[5] That case, however, interpreted Tit. 13, § 119, Ala.Code 1940, which provided, in pertinent part:
“[Ajfter the lapse of thirty days from the date on which a judgment or decree was rendered, the court shall lose all power over it ... unless a motion to ... grant a new trial has been filed and called to *645 the attention of the court, and an order entered continuing it for hearing to a future day.”
In Hoffman Machinery Co., the plaintiff submitted his motion for a new trial to the trial judge on a Friday. The 30th day was a Saturday. Because the clerk’s office was not open on Saturday, the motion did not reach the clerk’s office until Monday. The defendant moved to strike the motion for a new trial. However, the precise question in that case was not whether the motion had been filed, but whether the trial court had jurisdiction to hear the motion because no order for a continuance had been entered before the 30th day. It was the order granting a continuance or granting a new trial that had to be filed with the clerk of the trial court, and that order would not be effective until so filed. See Mt. Vernon-Woodberry Mills v. Union Springs Guano Co., 229 Ala. 91, 93, 155 So. 716, 717-18 (1934) (“We have held that the entry here meant is the act of delivering it to the clerk to be filed, or of writing it on the motion docket or minutes.”). Thus, Hoffman Machinery Co. does not stand for the proposition that a motion for a new trial must be filed in the clerk’s office in order to be effective. Therefore, we hold that a motion for a new trial is effectively filed under Rule 24.1,- Ala. R.Crim. P., when it is received by the trial judge.[6]

Conclusion

Because Jett effectively filed his motion for a new trial, the Court of Criminal Appeals erred in dismissing his appeal on the ground that Jett’s notice of appeal was untimely filed. That court’s judgment is reversed, and the case is remanded for the Court of Criminal Appeals to consider the merits of Jett’s appeal.
REVERSED AND REMANDED.
WOODALL, STUART, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
SEE and LYONS, JJ., concur specially.
COBB, C.J., recuses herself.

. The Court of Criminal Appeals stated in a footnote in its opinion dismissing Jett's appeal: "The circuit clerk was not aware that a motion for a new trial had been filed in this case until the clerk’s office of this Court inquired as to whether one had been filed.” 5 So.3d at 639 n. 1.

. Rule 24.1(b), Ala. R.Crim. P., provides:
"A motion for a new trial must be filed no later than thirty (30) days after sentence is pronounced. After a denial of a motion for a new trial, the previously filed notice of appeal shall be deemed to have been filed as of the date of the denial of the motion and shall include an appeal from the denial of the motion.”

. Two other cases cited by the Court of Criminal Appeals in its opinion in the instant case, Covington Bros. Motor Co. v. Robinson, 239 Ala. 226, 194 So. 663 (1940), and Ex parte State ex rel. Breitling, 221 Ala. 398, 128 So. 788 (1930), did not address this specific issue. Robinson held that the referee in a bankruptcy case is, for all intents and purposes, the bankruptcy court, and that all papers may be filed with the referee unless they require action by the bankruptcy judge. For this reason, either the referee or the judge would be the "proper filing officer” for an amendment to the schedule in a bankruptcy petition. Breitling held that the mailbox rule does not apply to the filing of a complaint: placing the complaint in the mail did not constitute filing; a complaint is not filed until it is actually received by the clerk of the court. In Brei-tling, a statute required that the complaint be directed to the clerk of the trial court.

. Rule 24.3, Ala. R.Crim. P., provides:
"In order to perfect the filing of a motion in arrest of judgment or a motion for new trial, it is not necessary for the motion to be presented to the judge, nor is it required, in order to perfect its filing, that the motion be set for a date certain.”

. The State also cites a number of cases that stand for the proposition that "a trial judge’s order (or ruling) on any motion or judgment is not effective until it is filed in the circuit clerk’s office.” State's brief at 17-18. These cases do not address whether the motion itself, as opposed to the order ruling on that motion, is effective before it is filed with the clerk.

. Because we hold that the Court of Criminal Appeals erred in dismissing Jett’s appeal, it is not necessary to decide whether the Court of Criminal Appeals violated Jett’s due-process rights when it contacted the circuit court clerk without notifying Jett.