The appellant, Danny Ray Holder, appeals from the summary denial of his Rule 32, Ala. R.Crim. P., petition for postconviction relief, challenging his 1987 conviction for second-degree assault and his sentence of 30 years' imprisonment, as a habitual felony offender. His conviction and sentence were affirmed without opinion by this Court on September 20, 1988. See Holder v. State, 537 So.2d 72
(Ala.Crim.App.) (table).
In the instant Rule 32 petition filed January 8, 2007, Holder claimed that he was due an out-of-time appeal from the denial of his prior Rule 32 petition filed in December 2004. Holder alleged that he was not notified by the trial court of the denial of that petition. After letters to the circuit judge and circuit clerk went unanswered, Holder filed a petition for the writ of mandamus with this Court attempting to compel the trial court to rule on his 2004 Rule 32 petition.[1] This Court denied the petition for the writ of mandamus because circuit court records indicated that his Rule 32 petition had been denied on April 28, 2005. Holder claimed that the prison log would show that he had received no legal mail during the period when his Rule 32 petition was denied.
In response to the petition, the State did not specifically refute Holder's claim but said it was procedurally barred and meritless. The trial court denied the petition on March 15, 2007.
In the instant Rule 32, Ala. R.Crim. P., petition for postconviction relief, Holder has pleaded facts that, if true, may entitle him to an out-of-time appeal from the denial of his first Rule 32 petition. Holder had no burden of proof at the pleading stage of the Rule 32 proceedings. See Ford v.State, 831 So.2d 641, 644 (Ala.Crim.App. 2001), andConner v. State, 955 So.2d 473, 476 (Ala.Crim.App. 2006). The State did not refute Holder's claim in its response; therefore, Holder's allegations must be accepted as true. SeePoole v. State, 988 So.2d 604 (Ala.Crim.App. 2007).
This cause is remanded for the circuit court to conduct an evidentiary hearing at which Holder will have the opportunity to present evidence to prove his claim. The return to remand shall include the circuit court's written findings, along with a transcript of the evidentiary hearing, and any *Page 581 
other evidence received by the court. A due return shall be filed with this Court within 56 days of the date of this opinion.
REMANDED WITH DIRECTIONS.*
BASCHAB, P.J., and SHAW, WISE, and WELCH, JJ., concur.
[1] His petition (No. CR-06-0373), Ex parte Holder, was filed November 29, 2006, and denied December 8, 2006.
* Note from the reporter of decisions: On June 20, 2008, on return to remand, the Court of Criminal Appeals affirmed, without opinion.